Elba Maisonet Felicié, apelada, *v.* Corporación del Fondo del Seguro del Estado y Comisión Industrial, apelante y recurrida la última.

*Número:* AA-95-99          *Resuelto:* 30 de diciembre de 1996

*Enrique Pellot Córdova*, abogado de la parte apelante; *Raymond L. Sánchez Maceira*, abogado de la parte apelada.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Acude ante nos la Corporación del Fondo del Seguro del Estado (en adelante el Fondo) para solicitar que revoquemos la Resolución emitida por la Comisión Industrial (en adelante la Comisión), en la cual se determinó que Elba Maisonet Felicié tenía derecho a la protección íntegra de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 1 *et seq.*, por padecer de asma bronquial, una enfermedad ocupacional. La Comisión concluyó que la defensa de caducidad no aplicaba a los hechos ya que el término de tres (3) años dispuesto en la ley para reclamar los beneficios del Fondo, comenzó a transcurrir a partir de que la condición se le agravó y le impidió continuar trabajando, y no desde que tuvo los primeros síntomas. Por entender que actuó correctamente la Comisión, confirmamos.

I

Elba Maisonet Felicié trabajó durante quince (15) años como enfermera práctica en el hospital Doctor's Center. En 1985 comenzó a presentar síntomas de asma bronquial y fatiga como consecuencia del uso de ciertos líquidos de limpieza en su área de trabajo. En el mismo hospital era atendida durante sus períodos de enfermedad. La condición se le agravó en 1990 y en diciembre de 1993 se reportó al Fondo y alegó que durante el mes de octubre de 1993 tuvo

serios problemas respiratorios, vómitos, falta de aire, ardor en la garganta y dolor de cabeza.

El Administrador del Fondo emitió una decisión en la cual estableció que la reclamación de Elba Maisonet había caducado ya que no había reportado la enfermedad ocupacional dentro de los tres (3) años a partir de que tuvo conocimiento de que esta estaba relacionada con el trabajo. De esta manera concluyó que la apelada perdió sus derechos a recibir beneficios al amparo de la ley. La apelada instó una apelación ante la Comisión para alegar que erró el Fondo al determinar que la acción había caducado.

En la vista pública celebrada ante la Comisión, la apelada declaró que cada vez que le daba asma por el uso de ciertos líquidos de limpieza en su área de trabajo, los médicos de su patrono, el Hospital Doctor's Center, la trataban en dicho lugar. Aunque padecía episodios de asma desde 1985 podía continuar trabajando, como en efecto hizo. Cuando la condición se agravó en 1990, fue que acudió al Fondo ya que tenía que estar con terapias contínuas para poder respirar. Declaró que tuvo que dejar de trabajar en 1993 por su enfermedad.

La Comisión concluyó que la defensa de caducidad no estaba disponible en este caso a favor del Asegurador, por lo que procedía revocar la decisión del Fondo y concederle a Elba Maisonet la íntegra protección de la ley. Inconforme con esta determinación, el Fondo presentó una moción de reconsideración, la cual fue acogida y declarada no ha lugar por la Comisión en una resolución en la cual reiteró que la condición de Elba Maisonet se agravó en 1990. Añadió la Comisión que la condición de la apelada antes de 1990 era leve y estable, por lo que pudo continuar realizando sus labores habituales. De esta resolución recurre ante nos el Fondo para plantear que incidió la Comisión al determinar que la reclamación de la apelada no había caducado, contradiciendo así su postura doctrinal sobre lo dispuesto en el Art. 3 de la Ley del Sistema de Compensa-

ciones por Accidentes del Trabajo, *supra*, 11 L.P.R.A. sec. 3, bajo el acápite Tabla de Enfermedades Ocupacionales. Por entender que no se cometió el error señalado, confirmamos.

## II

Es una norma reiterada por este Tribunal que las resoluciones y decisiones de las agencias administrativas gozan de una presunción de corrección y deben respetarse siempre que estén sostenidas por evidencia sustancial. *Henríquez v. Consejo Educación Superior*, 120 D.P.R. 194, 210 (1987). Los tribunales deben gran deferencia a las interpretaciones que de un estatuto hagan las agencias administrativas especializadas, siempre y cuando dichas interpretaciones sean razonables y compatibles con el propósito legislativo. *Vázquez v. A.R.P.E.*, 128 D.P.R. 513 (1991); *Asoc. Médica de P.R. v. Cruz Azul*, 118 D.P.R. 669, 678 (1987).

Con estas premisas en mente, pasemos a revisar parte de la letra del citado Art. 3 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, que es objeto de la controversia de autos:

> Las reclamaciones en casos de enfermedades ocupacionales deberán establecerse dentro de un período de tiempo que no exceda de tres (3) años a partir de la fecha en que el obrero adquiera conocimiento de la naturaleza de la incapacidad, y de su relación con el trabajo, o pudiera haberla adquirido mediante el ejercicio de razonable diligencia. 11 L.P.R.A. sec. 3 (Tabla de Enfermedades Ocupacionales y sus Causas).

Dicho artículo establece que el término de tres (3) años comienza a transcurrir: (1) a partir de la fecha cuando el obrero adquiere conocimiento de la naturaleza de la incapacidad y de su relación con el trabajo; (2) cuando pudiera haber adquirido el conocimiento de ambos requisitos mediante el ejercicio de una diligencia razonable. Ciertamente es determinante el momento en que el obrero conoce

de la naturaleza de su incapacidad. Sin embargo, surge la interrogante con respecto a cuándo una enfermedad se entenderá que es tan severa que resulte incapacitante.

En la esfera federal, y al analizar estatutos similares al nuestro, Arthur Larson, en su obra *Larson's Workmen's Compensation Law*, establece que el período para entablar la reclamación no comienza a correr hasta que el reclamante, actuando como un hombre prudente y razonable, pueda percatarse de que su condición puede guardar relación con su trabajo, sino que también pueda reconocer la naturaleza y severidad de su enfermedad. 2B *Larson's Workmen's Compensation Law* Sec. 78.41(a) (1993). De otra manera, el obrero se vería forzado a presentar reclamaciones por cualquier dolor o síntoma leve. "Si un obrero presenta algún síntoma, como por ejemplo, fatiga, dolor de espalda o hasta una hernia, la omisión de no haber presentado su reclamación a tiempo, puede justificarse si el obrero estimaba que su condición no era seria". (Traducción nuestra.) *Larson's*, supra, Sec. 78.41(e).

En la Sección 78.52 Larson abunda sobre la "regla óptima", concepto que ha sido elaborado por la jurisprudencia del estado de California el cual establece: "El período [para presentar la reclamación] comienza a decursar cuando la enfermedad se ha tornado incapacitante y cuando ejerciendo diligencia razonable, el obrero pudo haber descubierto que su condición era una compensable." (Traducción nuestra.) *Larson's*, supra, Sec. 78.52.

▮▮▮ Cabe recordar que en Puerto Rico la Ley del Sistema de Compensaciones por Accidentes del Trabajo está inspirada en un justo sentimiento humanitario y en un alto espíritu de justicia social. Requiere una interpretación liberal y amplia para que no se derroten sus fines. *Muñoz Hernández v. Policía de P.R.*, 134 D.P.R. 486 (1993); *González v. Adm. Sistemas de Retiro*, 113 D.P.R. 292, 294 (1982); *Bruno Colón v. Comisión Industrial*, 109 D.P.R. 785, 787 (1980); *Feliciano Figueroa v. Comisión Industrial*,

84 D.P.R. 196 (1961). En este contexto concluimos que el término establecido en la ley comienza a transcurrir desde que el obrero conoce que su condición es incapacitante ya que se ha tornado severa.

### III

En el caso de autos, Elba Maisonet tuvo sus primeros síntomas de asma en 1985. Desde ese año hasta 1990 fue atendida por su patrono el hospital Doctor's Center y luego de ser estabilizada retornaba a sus labores regulares. Es a partir de 1990 que su condición se agrava y requiere terapias frecuentes para poder trabajar, lo que ciertamente la incapacita. Al conocer de la severidad de su condición y de su incapacidad para continuar laborando con regularidad, la apelada se reportó al Fondo pues tenía conocimiento de que su condición la provocaban los líquidos que utilizaban para limpiar en el hospital. Habiendo adoptado la norma de que el término de tres (3) años para presentar la reclamación ante el Fondo, comienza a transcurrir a partir de que el lesionado conoce que su condición es incapacitante debido a su severidad, y que ella está relacionada con el trabajo, concluimos que en el caso de autos la reclamación de Elba Maisonet fue presentada dentro del término establecido. Procede confirmar la resolución de la Comisión para concederle a la apelada todos los beneficios a los que tiene derecho por ley.

Por los fundamentos que anteceden, *se confirma la resolución recurrida.*

*Se dictará la sentencia correspondiente.*