# 2003 DTA 87

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE SAN JUAN
### PANEL II

JUNTA DE APELACIONES DEL SISTEMA DE
ADMINISTRACION DE PERSONAL
Recurrido

v.

POLICIA DE PUERTO RICO
Recurrido

GABRIEL A. RIVERA VERA
Recurrente

Núm. KLRA-2002-00654

San Juan, de Puerto Rico, a 12 de mayo de 2003

Panel compuesto por su Presidenta, Juez Rodríguez de Oronoz,
la Juez Peñagarícano Soler y la Juez Bajandas Vélez

Peñagarícano Soler, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Gabriel A. Rivera Vera, (en adelante, Sr. Rivera) recurre ante nos mediante auto de Revisión presentado el 30 de agosto de 2002. Solicita revisemos la Resolución emitida el 28 de agosto de 2002, y notificada el 10 de septiembre de 2002, por la Junta de Apelaciones del Sistema de Administración de Personal (en adelante, JASAP).

Mediante la Resolución en cuestión, JASAP confirmó la denegatoria de ingreso que emitiera la Policía de Puerto Rico (en adelante, la Policía).

Habiendo analizado los escritos presentados por las partes, a la luz del derecho aplicable, dictaminamos denegar el auto solicitado. Veamos.

### I

El 14 de octubre de 1998, el Sr. Gabriel A. Rivera Vera complementó una solicitud de ingreso a la Policía. Como parte del proceso acostumbrado de reclutamiento, la Policía condujo una investigación de carácter confidencial sobre el recurrente. A fin de completar la aludida investigación, se realizaron trece (13) entrevistas a distintas personas relacionadas al recurrente. De estas entrevistas, once (11) resultaron favorables, y dos (2) desfavorables. ■ El 22 de enero de 1999, el agente investigador asignado al caso entrevistó al Sr. Rivera. A preguntas del agente, el Sr. Rivera negó haber utilizado o estar utilizando, entre otras cosas, medicamentos para dormir.

El 11 de junio de 1999, se le informó al recurrente que la investigación confidencial a la que se le había sometido resultó desfavorable, por lo que se paralizó el proceso de reclutamiento. El 28 de junio de 1999, el recurrente solicitó revisión de esta decisión. El 27 de agosto de 1999, la parte recurrente acudió a JASAP en apelación de la determinación tomada por la Policía, de denegarle el ingreso al cuerpo policial. El 4 de octubre de 1999, JASAP ordenó a la agencia recurrida contestar el recurso apelativo. El 1ro de febrero de 2000, la Policía contestó el referido recurso de apelación. El 11 de julio de 2001, se celebró la vista del caso de marras. ■ El 14 de junio de 2002, la Oficial Examinadora asignada al caso presentó su *Informe*. El 27 de julio de 2002, JASAP emitió la Resolución de autos. ■ En la misma, la Junta acogió las determinaciones de hechos y derecho del Informe preparado por la oficial examinadora. No estando conforme con esta determinación, el Sr. Rivera acude ante nos indicando los siguientes señalamientos de error:

*"a) Erró la agencia (JASAP) al determinar NO HA LUGAR la apelación del recurrente sin haber considerado la totalidad del expediente;*

*b) Erró la agencia al determinar que nuestro cliente ocultó información y ofreció información falsa;*

*c) Erró la agencia al no considerar las once (11) entrevistas hechas a la parte recurrente y las cuales fueron favorable (sic);*

*d) Erró la agencia al no considerar que las dos (2) entrevistas que no fueron favorables, eran de la ex-esposa y del ex-cuñado, o sea, son contra interés;*

*e) Erró la agencia al apreciar la prueba, testifical y documental, y la suficiencia de la misma.*

*f) Erró la agencia al no incluir los testimonios vertidos favorables a nuestro cliente;*

*g) Erró la agencia al no incluir en los hechos el proceso de obtención de licencia de detective o guardia de seguridad de nuestro cliente;*

*h) Erró la agencia al no incluir la aclaración de que la Policía de Puerto Rico mintió en cuanto a la condición mental de nuestro cliente;*

*i) Erró la agencia en el abuso de discreción del Examinador, de no incluir la información y ubicación del tarjetero;*

*j) Erró la agencia al no determinar favorablemente la petición de nuestro cliente, de que se le permitiera ingresar a la Policía de Puerto Rico, de que se le pagara los sueldos dejados de devengar desde el momento de su solicitud, más cualquier otro beneficio que debería tener nuestro cliente."*

El 13 de septiembre de 2002, concedimos treinta (30) días a la parte recurrida, la Policía, a los efectos de fijar su posición en torno al recurso presentado. El 15 de octubre de 2002, compareció la Policía mediante *Moción Solicitando la Desestimación.* El 21 de octubre de 2002, ordenamos a la parte recurrente replicar en diez (10) días la moción de desestimación. El 4 de noviembre de 2002, el recurrente solicitó una prórroga, la cual concedimos el 7 de noviembre de 2002. El 2 de diciembre de 2002, la parte recurrente presentó su *Oposición a Moción Solicitando Desestimación.* El 26 de diciembre de 2002, mediante Resolución, ordenamos a JASAP que remitiera el expediente del caso dentro de quince (15) días; ello, a los fines de auscultar si procedía la expedición del auto de revisión. Asimismo, concedimos treinta (30) días a la Policía para presentar su alegato en torno a los méritos del caso de marras. El 10 de enero de 2003, se notificó nuestra Resolución del 26 de diciembre de 2002. El 5 de febrero de 2003, la Policía compareció mediante su *Alegato.*

## II

Como cuestión de umbral, dispondremos del planteamiento jurisdiccional traído ante nuestra consideración por la Policía. Aduce la parte recurrida en su *Moción Solicitando la Desestimación,* que el recurso ante nos debe ser desestimado por falta de jurisdicción. Ello, pues el recurrente omitió incluir ciertos documentos en el apéndice de autos. En efecto, la parte recurrente omitió incluir, entre otros, copia de su escrito original de apelación, así como presentó de forma incompleta, el *Informe* de la Oficial Examinadora.

No empece lo anterior, somos del firme criterio que aun en circunstancias como las reseñadas en el caso de autos, los recursos apelativos deben resolverse en sus méritos, pues avalamos sin reserva alguna el derecho de toda persona a acudir a los tribunales en busca de justicia. Destacamos los más recientes pronunciamientos del Tribunal Supremo en *Román Velázquez v. Román Hernández,* en donde se enfatiza que la desestimación del recurso debe ser utilizada sólo como último recurso, pues *"[d]e esta manera se concilian el deber de las partes de cumplir con los Reglamentos procesales y el derecho estatutario de todo ciudadano a que su caso sea revisado por un panel colegiado de tres (3) jueces."* **2002 JTS 132,** a la pág. 255.

La norma así enunciada, y la cual suscribimos, preceptúa que se desestime **solo** aquellos recursos que incidan de manera crasa la ley o nuestro reglamento. Es por ello, y en virtud del principio de atender los casos en sus méritos, que hemos de desestimar sólo aquellos recursos que presenten un impedimento real y meritorio.

Así, pues, no obstante el recurrente incumplió con algunas de las disposiciones reglamentarias de este Tribunal, y podría argumentarse que procede la desestimación, el incumplimiento, aunque reprochable, no es de tal magnitud que amerite se desestime el presente recurso. Esto, pues, y como mencionáramos, *"...el mecanismo procesal de la desestimación como sanción debe utilizarse como último recurso." Román Velázquez v. Román Hernández, supra; M & R Developers v. Banco Gubernamental de Fomento,* **2001 JTS 37** (Opinión de Conformidad del Juez Asociado Sr. Fuster Berlingeri, a la cual se une la Juez Asociada Sra. Naveira de Rodón). Por ende, nos declaramos con jurisdicción para atender la procedencia del mismo.

### III
El expediente de la agencia constituirá la base exclusiva para la acción de la agencia en un procedimiento adjudicativo y para la revisión judicial ulterior. Ley de Procedimiento Administrativo Uniforme (LPAU), Ley Núm. 170 de 12 de agosto de 1988,3 L.P.R.A. sec. 2168. *"Al evaluar la decisión de una agencia, el tribunal debe determinar si ésta actuó de manera arbitraria, ilegal o tan irrazonable que sus actuaciones constituyeron un abuso de discreción." Municipio de San Juan v. J.C.A. y otros,* **99 JTS 152**, citando a *Fuertes v. A.R.P.E.,* 134 D. P.R. 947 (1993). Véase, además, *Municipio de San Juan v. Junta de Calidad Ambiental,* **2000 JTS 193**; *T-JAC v. Caguas Centrum Limited,* **99 JTS 60**; *Rivera v. A & C Development Corp.,* 144 D.P.R. 450 (1997); *Agosto v. Fondo del Seguro del Estado,* 132 D.P.R. 866 (1993).

El Tribunal Supremo de Puerto Rico ha manifestado en reiteradas ocasiones que las determinaciones de hecho adoptadas por la agencia serán sostenidas por los tribunales de estar éstas basadas en evidencia sustancial. [4] Se considera la evidencia sustancial como aquella evidencia que *"una mente razonable pueda aceptar como adecuada para sostener una conclusión". Asoc. de Vecinos Hosp. San Jorge v. United Medical Corp.,* **2002 JTS 21**, a la pág. 561; *Ramírez v. Departamento de Salud,* **99 JTS 47**.

Acorde a lo anterior, la parte que objete las determinaciones de hechos emitidas por una agencia administrativa deberá acreditar que el organismo actuó de manera arbitraria, caprichosa o en patente menoscabo a derechos fundamentales. *Maisonet v. Fondo del Seguro del Estado,* 142 D.P.R. 194 (1996); *Henríquez v. Consejo de Educación Superior,* 120 D.P.R. 194 (1987). En adición, le corresponde a la parte inconforme con las referidas determinaciones, probar la existencia en el expediente de prueba adicional que disminuya o desacredite el valor probatorio de la evidencia impugnada. La prueba ofrecida deberá desfavorecer la presunción de que la determinación del organismo administrativo se desprende de la totalidad de la prueba que éste tuvo ante su consideración. *Ramírez v. Departamento de Salud, supra; Chase Manhattan Bank v. Emmanuelli Bauzá,* 111 D.P. R. 708 (1981).

### IV
Es preciso destacar que el puesto de agente de la Policía es uno de suma sensitividad. A causa de ello, se requiere que aquellos interesados a ejercer el mismo, cumplan con unos requisitos mínimos que testifiquen la idoneidad de estos interesados. La rigurosidad de la investigación realizada a los interesados en ser agentes policíacos, está justificada.

En el acápite once (11) del *Informe* sometido por la Oficial Examinadora, se establece que *"[e]l agente Rivera concluyó que de la investigación realizada se desprendía que el apelante había ocultado información en su solicitud y en la entrevista que le realizara, ya que sí había hecho uso de medicamentos para dormir (Xanax) y que estuvo recibiendo tratamiento por el Fondo del Seguro del Estado en el año 1993."* ■

El recurrente cuestiona lo anterior, no empece no acompaña evidencia que derrote la anterior determinación.

Se desprende del *Informe* preparado por la Oficial Examinadora del caso de autos, que en una de las entrevistas realizadas a los efectos de auscultar la capacidad del Sr. Rivera, una persona indicó que éste había utilizado medicamentos para conciliar el sueño. Igualmente, indicó que era una persona agresiva. ■ Asimismo, en otra de las entrevistas, se describió al recurrente como una persona deprimida y con instintos suicidas. ■ A base de la totalidad de la investigación, el agente investigador hizo una recomendación desfavorable para el Sr. Rivera.

Precisa reiterar que el Sr. Rivera solicitó un puesto que por su naturaleza es sumamente sensitivo. El ser agente de la Policía, requiere que se porte un arma de fuego. Es meridianamente claro que, por ello, el Estado tiene la responsabilidad ineludible de velar porque los aspirantes a agentes del orden público gocen de intachable conducta y reputación. Ello es así, ya que son los llamados, en primera instancia, a vigilar por el cumplimiento de las leyes. ■

Lo anterior se ha de analizar tomando en consideración que el criterio rector para los tribunales, será la razonabilidad en la actuación de la agencia recurrida. Así, pues, al realizar su función revisora, el tribunal está compelido a considerar la especialización y experiencia de la agencia sobre las cuestiones que tuviera ante sí. Por tanto, en el descargo de su función, deberá caracterizar entre asuntos de discernimiento estatutario o cuestiones de especialización administrativa. No obstante, la deferencia reconocida no equivale a la renuncia de la función revisora del Tribunal en instancias apropiadas y meritorias, como resulta ser cuando el organismo administrativo ha errado en la aplicación de la ley. *Reyes Salcedo v. Policía de P.R.,* 143 D.P.R. 85 (1997); *Rodríguez v. Comisión Industrial*; 99 D.P.R. 368 (1970).

Como dijéramos, las actuaciones del foro administrativo habrán de ser validadas por el tribunal revisor cuando se sostengan en evidencia sustancial. Esto implica que en ausencia de prueba que derrote o coloque en controversia las determinaciones de la agencia recurrida, estamos impedidos de intervenir con las mismas. *Maisonet v. Fondo del Seguro del Estado, supra*; *Henríquez v. Consejo de Educación Superior, supra*. Así, pues, en el caso de marras, las determinaciones tomadas por la Oficial Examinadora, las cuales fueron acogidas por JASAP, conforme a los preceptos que rigen la revisión administrativa, se presumen correctas, en ausencia de prueba en contrario.

Asimismo, despunta que en su solicitud de revisión el recurrente señala diversos errores; sin embargo no discute o fundamenta de forma alguna los mismos. Precisa reiterar que la parte que objete las determinaciones de hechos emitidas por una agencia, *deberá acreditar* que el organismo administrativo actuó de manera arbitraria, caprichosa o en patente menoscabo a derechos fundamentales. *Maisonet v. Fondo del Seguro del Estado, supra*.

En el caso de autos, el recurrente no nos ha colocado en posición de revocar la Resolución recurrida. No hallando parcialidad, prejuicio o pasión en el caso de autos, encontramos que bajo estas circunstancias, no procede la expedición del recurso administrativo incoado. Ello, pues, y como señaláramos, al evaluar la decisión de una agencia administrativa, el tribunal debe determinar si ésta actuó de manera arbitraria, ilegal o tan irrazonable que sus actuaciones constituyeron abuso de discreción. *Municipio de San Juan v. J.C.A. y otros, supra*.

**V**

Por los fundamentos anteriormente expresados, se deniega el recurso de revisión solicitado.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## ESCOLIOS 2003 DTA 87

**1.** Acorde a la solicitud de revisión presentada por el recurrente, las entrevistas desfavorables fueron aquellas realizadas a la ex-esposa, así como al hermano de ésta.

**2.** Los procedimientos de la vista continuaron el 23 de abril de 2002. Véase, pág. 2 de *Informe*, en expediente administrativo.

**3.** La Resolución fue notificada a las partes el 31 de julio 2002.

**4.** *"El tribunal podrá conceder el remedio apropiado si determina que el peticionario tiene derecho a un remedio. Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo. Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal"*. Ley de Procedimiento Administrativo Uniforme, *supra*, sec. 2175.

**5.** Véase, *Informe*, pág. 3, folio núm. 18 en Apéndice de autos.

**6.** Véase, *Informe*, pág. 2, expediente administrativo.

**7.** Véase, *Informe*, pág. 2, expediente administrativo.

**8.** Conforme a una de las determinaciones no impugnadas de la Oficial Examinadora, el Sr. Rivera manifestó que no deseaba ingresar por el momento a la Policía, aunque no lo descartaba, pues se hallaba satisfecho en su trabajo actual. Pág. 3 del *Informe*, folio núm. 18 en Apéndice de autos.