TEXTO COMPLETO DE LA RESOLUCION
Se solicita que revisemos una resolución emitida por el Departamento de Asuntos del Consumidor (en adelante D.A.C.O.) el 31 de octubre de 2002 y notificada a las partes el 5 de noviembre de 2002 en la que D.A.C. O. ordenó la reparación de un defecto del vehículo de la querellante-recurrente dentro del término de diez (10) días y la extensión de la garantía en su vehículo con relación a ese defecto. La querellante acudió ante nos mediante un recurso de revisión el 25 de marzo de 2003. Por los fundamentos que desglosamos a continuación, decidimos que procede confirmar la resolución recurrida.
I
El 7 de agosto de 2000, Raquel Fernández Velázquez (querellante-recurrente) adquirió un automóvil nuevo marca Dodge Durango Sport, del año 2000 en Cabrera Grupo Automotriz, Inc. (querellado-recurrido). El precio pactado fue $24,999.00. La querellante-recurrente acreditó la cantidad de $2,500.00 como pronto y financió el resto a través de FirstBank. Al comprar el vehículo obtuvo una garantía de 3 años o 36,000 millas, lo primero que ocurriera.
Varios meses después de haber comprado su vehículo, comenzó a confrontar problemas con el mismo. Por tanto, acudió en repetidas ocasiones al taller de servicio de Triangle Dealers para reparar los defectos y también para realizar los servicios rutinarios de mantenimiento. El foro administrativo determinó que esos defectos “no imposibilitaron el uso de su vehículo.”
El 5 de julio de 2001, la señora Fernández presentó, por derecho propio, una querella contra Cabrera, el manufacturero de la unidad Chrysler International y First Bank en la que alegaba que desde enero de 2001 cuando giraba el guía de su vehículo se producía un fuerte raido y que a pesar de haber llevado el vehículo a reparar el defecto persistía. Solicitó que se ordenara a la parte querellada reparar su vehículo y que se le proveyera durante ese tiempo transportación alterna. El 21 de agosto de 2001, enmendó la querella para incluir como co-querellados a Parapiezas Corp. h/n/c Alberic Colón Dodge y a Triangle Dealer. El 19 de octubre de 2001, enmendó nuevamente la querella para suplicarle a D.A.CO. que ordenara la resolución del contrato y la devolución de su *1099 dinero. El 19 de octubre de 2001, enmendó la querella para incluir otros defectos que había encontrado en su automóvil durante el tiempo en que lo poseía. Solicitó que la indemnizaran por los daños y perjuicios que sufrió debido a estos defectos.
El 28 de agosto de 2001, un técnico de D.A.C.O. llevó a cabo una prueba de carretera con el vehículo de la querellante-recurrente. Determinó que había un ruido cuando giraba el guía por completo. Entonces, Chrysler International pautó una cita para inspeccionar el automóvil.
El 22 de enero de 2002, la querellante-recurrente envió una carta certificada con acuse de recibo a Chrysler International donde le informaba sobre los defectos del vehículo y le brindaba otra oportunidad para que los corrigiera. El 21 de febrero, la carta fue recibida por el Sr. Joel Fontánez. En la vista administrativa, D.A.C.O. sólo marcó esta carta como Identificación 1 de la parte querellante, pero no la admitió como exhibit.
El 4 de febrero de 2002, un técnico de D.A.C.O. realizó otra prueba de carretera. Nuevamente, determinó que al girar el guía por completo, persistía el ruido. Sin embargo, no pudo corroborar la alegación de la querellante sobre el “cantazo” que se producía al frente del vehículo al girar el guía.
El automóvil estuvo en el taller de servicio durante veinte (20) días dentro del período de garantía mínima de veinticuatro (24) meses. El foro administrativo determinó que luego de restar un día en que el automóvil estuvo recibiendo servicio de mantenimiento y dos días de un fin de semana, el vehículo estuvo reparándose un total de diecisiete (17) días.
La vista administrativa se llevó a cabo el 13 de agosto de 2002 y el 1ro de octubre de 2002. El pximer día de la vista, la señora Fernández desistió voluntariamente de proseguir el proceso contra las co-querelladas Triangle Dealers, Alberic Colón Dodge y First Bank. Al momento de celebrarse la vista, el automóvil todavía presentaba el ruido al girar el guía. Los otros defectos alegados habían sido reparados. El 31 de octubre de 2002, el foro administrativo emitió su resolución y la notificó a las partes el 5 de noviembre de 2002. Determinó que Cabrera Grupo Automotriz y Chrysler International Services fueron negligentes en el cumplimiento de su obligación de reparar el automóvil. Les ordenó, solidariamente, que en el término de 10 días laborables a partir de la notificación de la resolución repararan el defecto del ruido del guía y le extendieran la garantía en cuanto a ese defecto luego de los 3 años ó 36,000 millas. Además, los apercibió que de no cumplir con la orden administrativa podría imponerles una multa de hasta diez mil dólares ($10,000).
El 25 de noviembre de 2002, Chrysler radicó una Moción de Reconsideración ante D.A.C.O. exponiendo que las determinaciones de hechos y las conclusiones de derecho iban en contra de la evidencia desfilada en la vista, puesto que ellos demostraron a través de testimonio pericial incontrovertido “que la condición presentada por el vehículo no constituye un defecto, sino una condición normal del mismo y por tal razón no es susceptible a ser reparado.” (Enfasis omitido). El 28 de febrero de 2003, el foro administrativo denegó la moción y se reafirmó en su posición de que el ruido en el guía no era una condición normal del vehículo, sino un defecto. Esta resolución fue notificada el 5 de marzo de 2003, fuera del término de 90 días que dispone la sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2165.
El 25 de marzo de 2003, la querellante acudió ante nos mediante recurso de revisión. Plantea cinco señalamientos de error. En primer lugar, aduce que D.A.C.O. erró al no ordenar la resolución del contrato de compraventa suscrito entre las partes. También alega que D.A.C.O. erró al no aplicar a los hechos del caso lo dispuesto en la Ley 330 de 2 de septiembre de 2000 y al no admitir como exhibit la carta enviada el 22 de enero de 2002 a Chrysler a pesar de que la Regla 16 (24) de Evidencia no fue rebatida. Por último, alega que D.A.C. O. erró al no emitir ningún pronunciamiento con relación a los daños y perjuicios alegadamente sufridos por la querellante y al no obligar a la parte querellada al pago de las costas, gastos y honorarios de abogado a favor de la parte querellante-recurrente.
*1100 El 6 de mayo de 2003, expedimos una resolución interlocutoria ordenando a la parte querellada-recurrida, Chrysler International Services, S.A., expresarse en torno a los méritos del recurso de revisión. El 12 de junio del 2002, la querellada-recurrida preser. ó su escrito. Por las razones que pasamos a exponer, resolvemos denegar la expedición del auto.
II
Nuestro más alto foro judicial ha resuelto en numerosas ocasiones que las decisiones de los organismos administrativos merecen la mayor deferencia judicial porque éstos poseen experiencias y conocimientos altamente especializados sobre los asuntos que se les encomiendan. La Facultad para las Ciencias Sociales Aplicadas, Inc. v. Consejo de Educación Superior, 133 D.P.R. 521 (1993); Asociación de Doctores en Medicina al Cuidado de la Salud Visual, Inc. etc. v. Dra. Ivette Morales y Colegio de Optómetras de Puerto Rico, 132 D.P.R. 567 (1993); Rubin Ramírez v. Trías Monge, 111 D.P.R. 481 (1981); Román v. Superintendente de la Policía, 93 D.P.R. 685 (1966). Por tanto, hay una presunción a favor de la corrección y regularidad de las decisiones de las agencias administrativas y quien las cuestiona tiene el deber de probar que se ha actuado en forma arbitraria, caprichosa o en clara violación de los derechos constitucionales fundamentales. Maisonet v. F.S.E., 142 D.P.R. 194 (1996); Vázquez v. A.R.P.E., 128 D.P.R. 513 (1991); Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194 (1987). Dicho de otra forma, la presunción de corrección debe respetarse a menos que la parte que impugne la decisión del foro administrativo produzca suficiente prueba para derrotarla. Henríquez v. Consejo Educación Superior, 120 D.P.R. 194, 210 (1987); Calderón Morales v. Administración Sistemas de Retiro, 92 J.T.S. 21; El Gobernador de Puerto Rico v. Norat Zayas, 92 J.T.S. 125. Para ello, debe demostrar que las determinaciones de hechos de la agencias no están basadas en evidencia sustancial contenida en el expediente administrativo. Ley de Procedimiento Administrativo Uniforme, supra, 3 L.P.R.A. sec. 2175. En cambio, las conclusiones de derecho y la conclusión final del foro administrativo al aplicar el derecho a sus determinaciones de hechos sí son revisables por el tribunal. Id., 3 L.P.R.A. sec. 2175. En este contexto, los tribunales han de ejercer gran cautela al intervenir con dichas decisiones. Fuertes v. ARPE, 134 D.P.R. 947 (1993); Viajes Gallardo v. Homero Clavell, 131 D.P.R. 275 (1992).
III
Al examinar el expediente de este recurso, advertimos que no se cometieron los errores alegados. D.A.C.O. aplicó el derecho apoyándose en las determinaciones de hechos a las que llegó luego de que sus inspectores verificaran el vehículo y de celebrar durante dos días la vista del caso de autos.
Contrario a lo que la parte querellante-recurrente alega, el foro administrativo discutió y aplicó a los hechos la Ley Complementaria de Garantías de Vehículos de Motor, Ley Núm. 330 de 2 de septiembre de 2000. Esta ley, en su artículo 2, define “vicio” como “...un defecto o condición que sustancialmente menoscaba el uso, valor o seguridad de un vehículo de motor,... ” 10 L.P.R.A. sec. 2067 (1). Al interpretar esta ley en conjunto con disposiciones de nuestro Código Civil y de nuestra jurisprudencia, la agencia determinó que el ruido fuerte al girar el guía “no puede considerarse un vicio por definición,” puesto que a pesar de dicho mido, “en un año y siete meses de la compraventa el vehículo ha recorrido 25049 millas. O sea, el vehículo ha recorrido un promedio de 1,473 millas mensuales. Es de conocimiento general que el recorrido promedio de un vehículo de motor, bajo se estado normal, es de 1,000 millas mensuales.” A la luz de lo anterior decidió que el mido causado al girar el guía no era un vicio, sino un desperfecto y que, en consecuencia, no se daban los elementos necesarios para conceder el remedio que concede esta ley ni la rescisión del contrato.
La señora Fernández también plantea que D.A.C.O. erró al no admitir en evidencia una carta con acuse de recibo, enviada a Chrysler el 22 de enero de 2002. La misma tenía el propósito de cumplir con lo dispuesto en el Artículo 6 de la Ley Núm. 330 de 2 de septiembre de 2000, que establece que después de que el manufacturero intente reparar el mismo vicio en tres ocasiones, el consumidor deberá entregar al manufacturero una notificación escrita, concediéndole una última oportunidad para repararlo. La querellante-recurrente plantea que no se rebatió la disposición de la Regla 16 (24) de Evidencia, según la cual se presume que una carta dirigida y *1101 cursada por correo fue recibida. No tiene razón la querellante-recurrente según explicamos a continuación. La Regla 5 (1) y (2) de Evidencia dispone como sigue:

“No se dejará sin efecto una determinación de exclusión de evidencia ni se revocará sentencia o decisión alguna por motivo de exclusión errónea de evidencia a menos que:

(1) La evidencia fue erróneamente excluida a pesar de gue_ la naturaleza, propósito y pertinencia de la misma fue traída a la atención del tribunal mediante una oferta de prueba o por cualquier otro modo, y

(2) el tribunal que considera el efecto de la exclusión errónea entiende que ésta fue factor decisivo o sustancial en la sentencia o decisión cuya revocación se solicita. ”

La carta, que obra en el expediente como Identificación 1 de la parte querellante, es una reclamación a Chrysler de los distintos defectos que alegadamente sufría el vehículo, en la que se describían los defectos que alegadamente sufría el vehículo y se le notificaba sobre una última oportunidad para reparar el vehículo. En la vista, Chrysler objetó la presentación de la carta porque la persona que aparecía recibiéndola, Joel Fernández, alegadamente no era uno de sus empleados. Entendemos que la exclusión de esta misiva no fue un factor sustancial ni decisivo para que el foro administrativo tomara la decisión que adoptó.
La querellante-recurrente señala que en su resolución D.A.C.O. no hizo pronunciamiento alguno de los daños y perjuicios alegadamente sufridos por ésta como consecuencia de los desperfectos de su vehículo. Si bien ello es cierto, la realidad es que la agencia resolvió que, ante los hechos probados, era suficiente ordenar a la parte querellada reparar el defecto del guía en un término de diez (10) días y a extenderle el término de la garantía respecto a ese defecto. Se trata de la agencia con el conocimiento especializado para resolver este tipo de controversias y por este motivo sus determinaciones gozan de nuestra deferencia. La parte querellante-recurrente no nos ha demostrado que el remedio provisto por el foro administrativo fuera inadecuado. Por tanto, no se cometió el error alegado.
Por último, la querellante-recurrente expone que se debió haber impuesto a las co-querelladas Chrysler y Cabrera el pago de gastos y honorarios, por su alegada temeridad. La determinación de si una de las partes ha incurrido en temeridad depende de la sana discreción del tribunal. Font. v. Pastrana, 73 D.P.R. 247 (1952). No hay indicio alguno en el expediente de que el tribunal abusó de su discreción.
IV
Por los fundamentos que anteceden, concluimos que procede- -denegar -la solicitud de revisión incoada y confirmamos la resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 2004 DTA 59
1. Según surge de la querella enmendada, estos alegados defectos consistían en lo siguiente: “i. aire acond. no enfría, 2. se calienta, 3. amortiguadores no funcionan, 4. sprines dañados, 5. focos sueltos, 6. palanca de brake dañada, 7. seguro automático dañado, 8. filtración de olores de la calle hacia adentro através [sic] del aire acond., 9. base de alfombra dañada, 10. ruido al pasar lomos o badenes, 11. platos sueltos. ”