# 2009 DTA 109

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE CAROLINA**
**PANEL V**

HERMAN J. CESTERO AGUILAR
Recurrido

v.

JUNTA DE DIRECTORES DEL CONDOMINIO PLAZA DEL MAR
Recurrente

Núm. KLRA-09-00210

San Juan, Puerto Rico, a 17 de julio de 2009

Panel integrado por su Presidente, el Juez Arbona Lago,
la Juez Cotto Vives y el Juez Salas Soler

Salas Soler, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El 23 de febrero de 2009, la Junta de Directores del Condominio Plaza del Mar (Junta o Recurrente) compareció ante este Tribunal de Apelaciones con el interés de que se revocara la Resolución que dictó el Departamento de Asuntos del Consumidor (DACO o Recurrido), el 4 de diciembre de 2008. En su Resolución, el DACO declaró con lugar la querella presentada por Herman J. Cestero Aguilar (Sr. Cestero o Recurrido) contra la Junta.

Tanto el Sr. Cestero como el DACO comparecieron mediante alegatos en oposición, con lo cual la causa quedó sometida.

Luego de estudiar los alegatos como la totalidad del expediente, al amparo del relato fáctico y fundamentos de Derecho que más adelante exponemos, resolvemos confirmar la Resolución del DACO.

## I

Por derecho propio, el 4 de septiembre de 2008, el Sr. Cestero presentó Querella (# 100040327) ante el DACO para impugnar ciertas decisiones de la Junta. Apéndice de la Junta, páginas 110-112. Reclamó el querellante que no se le había permitido participar en las asambleas de titulares, y pidió que la Junta reparara la baranda de metal del balcón de su apartamento la cual se había deteriorado y roto.

Luego de la Junta contestar la Querella, el DACO celebró una vista administrativa el 1 de diciembre de 2008, en la cual ambas partes participaron. El foro recurrido delimitó la controversia de la siguiente manera: a quién corresponde reparar la baranda de metal del balcón del apartamento del Sr. Cestero.

Conforme al expediente, resumimos a continuación los hechos pertinentes a la presente causa.

El Sr. Cestero es titular del Apartamento 2004 del Condominio Plaza del Mar, el cual adquirió hace poco más de veinte años. El Condominio está sometido al régimen de propiedad horizontal. El Apartamento del Recurrido tiene en su balcón una baranda de metal adherida a las paredes maestras y piso. Para finales del 2005, el Sr. Cestero advirtió que la baranda se había corroído y roto, al punto de colapsar. "Por entender que el daño que tenía la baranda fue causado por una guindola que utilizaba un contratista que se encontraba realizando trabajos de pintura en el condominio, la parte querellante reclamó verbalmente a la administración la reparación de la baranda de su apartamento. Cabe señalar que la parte querellante no pudo identificar con certeza qué causó el daño en la baranda del balcón de su apartamento." Apéndice de la Junta, página 118.

La Recurrente no tomó acción al respecto. No obstante, la administración del Condominio le envió una misiva al Recurrido para que cambiara la baranda. Luego se le enviaron dos cartas, pues el Recurrido no arregló su baranda. En dichas cartas, la administración reiteró que la baranda deteriorada representaba una condición peligrosa, y le informó al Recurrido que la repararía, pero a su costo.

Cabe destacar que el 24 de abril de 2008, la Junta instó una demanda de interdicto para que se le ordenara al Recurrido dar acceso a su inmueble para reparar la baranda, y que el costo de dicho arreglo se le imputara al titular. El Tribunal de Primera Instancia de Carolina (TPI) dictó Sentencia el 3 de octubre de 2008, en la cual, ordenó al Sr. Cestero que permitiera el acceso de la Junta para efectuar la reparación. Se hizo la reparación, la cual alcanzó el costo de $3,950. Véase Apéndice de la Junta, páginas 94-102.

El 14 de noviembre, la Junta le remitió una misiva al Sr. Cestero, en la cual le estaba facturando $6,537.50, por la reparación más gastos legales correspondientes al trámite de acceso al apartamento. Apéndice de la Junta, páginas 103-107. Según la Junta, su razón para no asumir el costo de la reparación es el acuerdo adoptado en la asamblea extraordinaria celebrada el 24 de octubre de 2005, en el que **por una mayoría de titulares (19 a 14),** se trasladó a los titulares la responsabilidad del mantenimiento y reemplazo de las barandas de los balcones de sus apartamentos. *Íd.*, páginas 1-7.

El 21 de agosto de 2008, el Condominio adoptó un nuevo Reglamento en el que incorporó el precitado acuerdo. Dicha enmienda se aprobó por dos terceras partes de los titulares. Apéndice de la Junta, páginas 8-93.

Al amparo de todo lo anterior y la Ley de Condominios, Ley Número 104 del 25 de junio de 1958, según enmendada, 31 L.P.R.A. Sec. 1291 *et seq.*, el DACO determinó que la baranda de metal es un elemento común y forma parte de la fachada, por lo cual, su reparación correspondía a la Junta y no se le podía cobrar al Sr. Cestero. Colige el DACO que la decisión sobre la alteración al carácter comunal de la baranda, alegadamente hecha en asamblea extraordinaria, era una determinación que debió tomarse por unanimidad, lo que no se logró

ni en la asamblea ni en la enmienda al Reglamento. Consecuentemente resuelve que es nula dicha alteración como también la relacionada enmienda. Sobre los gastos legales que la Junta pretende imputarle al Sr. Cestero, el foro administrativo determinó que de haberlo interesado, la Recurrente debió solicitarle al TPI que le impusiera honorarios al Sr. Cestero, lo cual no solicitó, ni el TPI impuso. El DACO ordenó a la Junta eliminar de la cuenta del Recurrido todos los cargos relacionados con la reparación de la baranda y los gastos legales. Lo antedicho fue consignado por el DACO en la Resolución que dictó el 4 de diciembre de 2008.

La Junta solicitó reconsideración el 7 de enero de 2009, pero el DACO no se expresó, por lo cual, la Recurrente compareció ante nos mediante recurso de revisión administrativa el 23 de febrero del presente. En su alegato, la Junta señaló la comisión del siguiente error:

"Erró el Departamento de Asuntos del Consumidor al determinar que el acuerdo adoptado por el Consejo de Titulares en la asamblea extraordinaria, en cuanto a la responsabilidad de cada titular en dar mantenimiento y reemplazar las barandas de sus respectivos apartamentos, no cumplió con el requisito de unanimidad de los titulares."

Le solicitamos a la parte recurrida que se expresara, lo que oportunamente hizo. Respectivamente, el Sr. Cestero y el DACO presentaron sus alegatos en oposición, el 26 y 30 de marzo del presente. Perfeccionada así la causa, procedemos a resolverla al amparo de los fundamentos que a continuación expresamos.

## II

En esencia, la controversia que nos plantea la Recurrente es: a quién corresponde mantener y reparar la baranda del balcón del apartamento del Sr. Cestero. Como bien resolvió el DACO, entendemos que la Junta es la responsable del mantenimiento, reparación y reemplazo de las barandas de los balcones de los apartamentos del Condominio.

Es firme principio de Derecho Administrativo Apelativo que al ejercer nuestra función revisora, debemos brindarle gran consideración y deferencia a las decisiones administrativas por razón de su experiencia y conocimiento especializado. *Rebollo v. Yiyi Motors*, 161 D.P.R. 69 (2004). Se presume la corrección de la decisión de la agencia, por lo que merece respeto la interpretación que la autoridad gubernamental hace de sus propios actos. Véase *Empresas Toledo, Inc. v. Junta de Subastas*, res. el 31 de agosto de 2006, **2006 JTS 147**. Ello no ocurre cuando la agencia actúa de forma arbitraria e irrazonable o cuando hay ausencia de prueba adecuada para sostener su decisión o se cometió error manifiesto en su apreciación. *Pacheco Torres v. Estancias de Yauco*, 160 D.P.R. 409 (2003). Por lo tanto, al revisar las determinaciones administrativas, el criterio rector será la razonabilidad en la actuación de la agencia recurrida. *Municipio de San Juan v. Junta de Planificación*, res. el 18 de octubre de 2006, **2006 JTS 164**.

Mientras que las determinaciones de hechos gozarán de deferencia y seremos más cuidadosos al revisarlas, las conclusiones de derecho podremos revisarlas en su totalidad. Véase *Olmo Nolasco v. Del valle Torruella*, res. el 5 de febrero de 2009, **2009 JTS 25**. Así, la parte que objete las determinaciones de hechos emitidas por una agencia administrativa, tiene el peso de la prueba y deberá acreditar que el organismo actuó de manera arbitraria, caprichosa o en patente menoscabo a derechos fundamentales. *Maisonet Felicie v. Fondo del Seguro del Estado*, 142 D.P.R. 194 (1996).

La Ley de Procedimiento Administrativo Uniforme requiere que los foros administrativos adjudiquen los casos ante su consideración de conformidad con la prueba contenida en el expediente administrativo. 3 L.P.R.A. Sec. 2175. Ello incluye la prueba documental, testifical y pericial, así como el conocimiento oficial, entre otros asuntos. Lo anterior responde al derecho al debido proceso de ley que deberá honrarse en el ámbito administrativo. Véase *Álamo Romero v. Administración de Corrección*, res. el 15 de enero de 2009, **2009 JTS 9**, y 3 L.P.R.A. Secs. 2151 y 2168.

Unido a lo antes expresado, debemos recordar que al revisar decisiones administrativas, debemos "distinguir entre cuestiones de interpretación estatutaria, en la que los tribunales son especialistas, y cuestiones propias para la discreción o pericia administrativa". *García Reyes v. Cruz Auto Corp.*, res. el 21 de mayo de 2008, **2008. JTS 112**. Asimismo, debemos tener presente que cuando nos enfrentamos a interpretar prueba documental, estamos en igual posición que el foro de instancia o administrativo, por lo que estamos en libertad para adoptar nuestro propio criterio al evaluar la prueba. *Rivera Torres v. Pan Pepín, Inc.*, 161 D.P.R. 681, 687 (2004).

De otra parte, a continuación transcribimos porciones pertinentes de algunos Artículos la Ley de Condominios. El Artículo 11, 31 L.P.R.A. Sec. 1291i, enumera los elementos comunes de un condominio.

"**(a) Se consideran elementos comunes generales necesarios, no susceptibles de propiedad individual por los titulares y sujetos a un régimen de indivisión forzosa los siguientes:**

(1) El vuelo, entendido éste como el derecho a sobre elevar. Excepto lo dispuesto en la sec. 1291*l*-1 de este título, el cierre o techado de patios, terrazas o áreas abiertas, así como la construcción de nuevos pisos sobre el techo y sobre o debajo del terreno requerirá, *siempre que tales obras no estén contempladas en los planos* sometidos con la escritura de constitución de régimen, el consentimiento unánime de los titulares; Disponiéndose, que este requerimiento no aplicará al cierre o techado de patios, terrazas o áreas abiertas ubicados en el suelo o planta baja (a nivel del terreno) del inmueble y destinados para uso exclusivo de determinados apartamientos constituidos en régimen previo al 5 de abril de 2003.

**(2) Los cimientos, paredes maestras y de carga, techos, galeras, escaleras y vías de entrada y salida o de comunicación.**

(3) Los locales para instalaciones de servicios centrales, como electricidad, luz, gas, agua fría y caliente, refrigeración, cisternas, tanques y bombas de agua, y demás similares que sean indispensables para el adecuado disfrute de los apartamientos, salvaguardando que estos elementos no se ubiquen dentro de los apartamientos o locales privados.

(4) Los ascensores, cuando éstos sean necesarios para el adecuado disfrute de los apartamientos.

(5) Las áreas verdes y los árboles requeridos por las instrumentalidades o dependencias del Estado Libre Asociado de Puerto Rico.

**(6) Cualquier otro elemento que fuere indispensable para el adecuado disfrute de los apartamientos en el inmueble.**

**(7) Cualquier pacto que transfiera la titularidad, posesión o control de estos elementos a otra persona natural o jurídica distinta del Consejo de Titulares, será nulo.**

(b) Se consideran elementos comunes generales, salvo disposición o estipulación en contrario los siguientes:

(1) El terreno, los sótanos, azoteas, patios y jardines.

(2) Los locales destinados a alojamiento de porteros o encargados.

(3) Las áreas destinadas a estacionamiento.

(4) Las áreas recreativas que excedan lo requerido por la reglamentación urbana o por las autoridades competentes.

**La adjudicación de las áreas o elementos comunes antes enumerados, requerirá que así se haya dispuesto en la escritura de constitución del régimen o, de realizarse la conversión y transferencia luego de constituida éste, se requerirá el consentimiento unánime de los titulares.** La transferencia deberá inscribirse en el Registro de la Propiedad, dejando constancia de los nuevos porcentajes de participación para cada uno de los apartamientos beneficiados.

Aun cuando las áreas enumeradas anteriormente bajo este inciso sean susceptibles de aprovechamiento independiente, no podrán constituirse o enajenarse como áreas privadas, sino para el beneficio del Consejo de Titulares o de una o varios de los titulares de apartamientos o unidades en el condominio. El área de estacionamiento en los condominios exclusivamente residenciales se configurará bien como elemento común, general o limitada, o bien como área privada cuyos espacios y titularidad se adscribirá a los dueños de los apartamientos.

Excepto en los condominios exclusivamente comerciales o profesionales, la titularidad sobre los espacios individuales de estacionamiento que constituyan fincas independientes no se tomará en cuenta para la determinación de *quórum* o de mayoría a base del numero de titulares, si bien se podrá computar el por ciento de participación que corresponda a dichos espacios en los elementos comunes, cuando el Reglamento incluya dicha participación en su definición de mayoría. Cuando el área destinada a estacionamiento se haya configurado en su totalidad como finca independiente, a su titular le corresponderá un voto, como si se tratara de un apartamiento." (Subrayado nuestro)

El Artículo 15, que delimita el uso y disfrute de los apartamentos, en parte de su inciso e, dispone:

"(e) **Ningún titular u ocupante podrá, sin el consentimiento de todos los titulares, cambiar la forma externa de la fachada**, ni decorar las paredes, puertas o ventanas exteriores con colores o tonalidades distintas a las del conjunto. **Se entiende por fachada el diseño del conjunto arquitectónico y estético exterior del edificio, según se desprende de los documentos constitutivos del condominio.**" (Subrayado nuestro) 31 L.P. R.A. Sec. 1291m.

De otra parte, el Artículo 38D, 31 L.P.R.A. Sec. 1293b-4, pauta los deberes y poderes del Consejo de Titulares.

"El Director o la Junta de Directores constituye el órgano ejecutivo de la comunidad de titulares y tendrá los siguientes deberes y facultades:

(a) Atender todo lo relacionado con el buen gobierno, administración, vigilancia y funcionamiento del régimen y **en especial lo relativo a las cosas y elementos de uso común** y los servicios generales, y hacer a estos efectos las oportunas advertencias y apercibimientos a los titulares.

(b) Preparar con la debida antelación y someter al Consejo el presupuesto anual de gastos previsibles y de ingresos, fijando la contribución proporcional que corresponda a cada titular.

(c) Dirigir los asuntos financieros concernientes a las recaudaciones y pagos y anotar detalladamente en un libro las partidas de ingresos y gastos que afecten al inmueble y a su administración, **fijándoles por orden de fecha y especificando los gastos de conservación y reparación de los elementos comunes** y tener disponibles para su examen por todos los titulares én días y horas hábiles que se fijarán para general conocimiento tanto del libro expresado como los comprobantes acreditativos de las partidas anotadas.

(d) Cobrar a los titulares las cantidades con que deben contribuir a los gastos comunes y realizar los demás cobros y pagos que sean necesarios, extendiendo los correspondientes recibos y cheques.

(e) Abrir una cuenta bancaria a nombre de la comunidad de condómines, en la cual depositará todos los ingresos del régimen, realizando los depósitos dentro del término de su recibo que fije el Reglamento; girar cheques contra dicha cuenta para realizar todos los pagos que sean necesarios, cuidando de no extenderlos al portador y que cada uno tenga su comprobante o recibo correspondiente.

(f) Someter para la aprobación del Consejo el estado de cuentas correspondientes al año que finaliza. El estado de cuentas deberá indicar la cantidad total recibida por concepto de cuotas para gastos comunes y por otros conceptos, un desglose por partidas de todos los gastos incurridos, la remuneración percibida por el agente administrador, si alguna, las cuentas a cobrar por concepto de gastos comunes y por otros conceptos, balance para el próximo año y la cantidad disponible por concepto de fondo de reserva. El director o la Junta de Directores será responsable de hacer que se notifique una copia del estado de cuentas a todo titular con quince (15) días de antelación, por lo menos, a la fecha en que se celebre la reunión ordinaria anual.

**(g) Atender a la conservación del inmueble y disponer las reparaciones ordinarias, y en cuanto a las extraordinarias, adoptar las medidas necesarias dando inmediata cuenta al Consejo.**

(h) Llevar el libro de propietarios, en el cual se anotarán los nombres, las firmas y demás datos de los titulares de los apartamientos, así como las sucesivas transferencias o arrendamientos que ocurran en relación a esas unidades. El libro se utilizará para autenticar las firmas de los titulares cuando sea necesario.

(i) Cumplir y hacer cumplir las disposiciones de este capítulo, del reglamento y los acuerdos del Consejo de Titulares.

(j) Aumentar o disminuir las cuotas para gastos comunes y cubrir vacantes de miembros de la Junta de Directores sujeto a revocación del Consejo de Titulares.

(k) Relevar de sus funciones al Agente Administrador por justa causa. Se entenderá por justa causa, el desempeño negligente o culposo de sus funciones, la deshonestidad o la violación de las normas de buena conducta establecidas en el Reglamento del condominio o el incumplimiento de sus deberes establecidos contractualmente. El Director o la Junta de Directores deberá convocar al Consejo de Titulares no más tarde de treinta (30) días del relevo para informar de dicha acción, a fin de que éste actúe según estime conveniente.

(l) Todas las demás que le sean asignadas por el Reglamento o por el Consejo de Titulares." (Subrayado nuestro)

Analizada la presente causa a la luz del precedente marco jurídico, opinamos que no erró el DACO al dictar la Resolución aquí recurrida.

En primer lugar, de conformidad con la Ley de Condominios, no albergamos duda alguna acerca del carácter comunal de la baranda en controversia. Dicha baranda forma parte del conjunto arquitectónico denominado fachada, por lo cual, el titular está vedado de alterar dichos elementos, salvo que la totalidad de los titulares por unanimidad esté de acuerdo. Como la baranda es un elemento común, es al Consejo de Titulares a quien le corresponde tanto su mantenimiento como su reemplazo.

Aunque la Recurrente enfoca su discusión en el requisito de unanimidad para enmendar el Reglamento y así ratificar la alteración al carácter comunal de la baranda, en realidad la cuestión central a resolver –lo cual resolvió el DACO en la Resolución aquí recurrida-, es si se podía alterar el carácter de la baranda con una

mayoría simple y eventualmente enmendar el Reglamento con dos terceras partes de los titulares. La contestación a ambas interrogantes es no.

En segundo lugar, la Ley de Condominios es clara en que para alterar el carácter de un elemento comunal, se necesita el consentimiento unánime de los titulares. Asimismo, si se va a enmendar el reglamento, de modo que se ratifique el cambio a un elemento comunal, o se afecten elementos comunes, se necesita la unanimidad de los titulares. En el caso ante nuestra consideración, no ocurrió ni lo uno ni lo otro. No hubo unanimidad ni en la asamblea extraordinaria ni en la aprobación del Reglamento. Por todo lo cual, son inválidas ambas determinaciones debido a que inciden sobre el carácter comunal de las barandas de los balcones del condominio, y para arribar a dicha decisión, no concurrió la unanimidad de los votos de los titulares.

Agréguese, como bien destaca en su alegato el DACO, que la Junta hace un sinnúmero de alegaciones que no hallan apoyo en el expediente, y menos somete evidencia admisible que sustente sus reclamos.

Es por lo antecedente, que no hallamos razón o fundamento válido en Derecho que nos mueva a alterar el dictamen del DACO. Bien resolvió en Derecho que la baranda es un elemento comunal, y que como tal, corresponde al Consejo de Titulares darle mantenimiento y repararla, de ser necesario. No se sostiene la alteración al carácter comunal de la baranda, pues la asamblea no contó con el voto unánime sobre dicho asunto. Tampoco puede avalarse la porción del Reglamento que ratifica dicha determinación, pues tampoco contó con un voto unánime. Consecuentemente, no puede la Junta cobrarle al Sr. Cestero, ni el reemplazo ni mantenimiento de la baranda, menos los honorarios del caso de interdicto.

### III
Por los fundamentos de Derecho anteriormente esbozados, confirmamos la decisión del DACO.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones