EDWIN GONZÁLEZ GONZÁLEZ, apelante recurrente, *v.* ADMINISTRACIÓN DE SISTEMAS DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO Y LA JUDICATURA, apelada recurrida.

*Número:* O-82-372 *Resuelto:* 8 de octubre de 1982

*Manuel De Jesús Mangual,* abogado del recurrente; *Rafael Alen González,* abogado de la recurrida.

PER CURIAM: En ocasión en que el agente apelante trabajaba en el sector del Condado observó a dos personas que estaban realizando una aparente transacción de drogas. En unión a otros agentes procedió de inmediato a arrestar a los individuos. Una vez detenidos, uno de ellos trató de evadirse, por lo cual el apelante entabló un forcejeo con él. Ambos cayeron al pavimento. Al caer, el agente González se golpeó violentamente la rodilla derecha. La lesión fue de tal índole que quedó incapacitado para el servicio.

El agente solicitó los beneficios de la Ley Núm. 127 de 27 de junio de 1958 (25 L.P.R.A. sec. 376 y ss.). La Administración de los Sistemas de Retiro denegó la solicitud. El Tribunal Superior confirmó. Dictamos orden de mostrar causa por la cual no debe revocarse la sentencia dictada.

El Art. 2 de la referida Ley Núm. 127 expresa, en parte, que sus beneficios se extienden:

1. En caso de un miembro de la Policía:

(a) al ser atacado al evitar o tratar de evitar la comisión de un delito;

(b) al ser atacado al apresar o tratar de apresar a alguien que se pueda presumir razonablemente que está conectado con la comisión de un delito, al realizar registros e incursiones o durante los interrogatorios siguientes a tales registros e incursiones, o en el acto de la confiscación de armas o de cualquier artículo, independientemente de su naturaleza, que estén en posesión de personas en violación de cualquier estatuto;

(c) al ser atacado al poner fin o tratar de poner fin a cualquier desorden, motín o cualquier acción contraria al orden, a la seguridad pública, o a la autoridad debidamente constituida;

(d) al dirigirse a, o mientras presta servicios en la extinción de un incendio;

(e) al intervenir en el salvamento de la vida de un semejante o para proteger propiedades que por cualquier circunstancia corrieren peligro, para la cual tuviere que arriesgar la suya propia; o

(f) al ser atacado al intervenir con cualquier demente con el fin de recluirlo en una institución, o someterlo a proceso judicial o a tratamiento.

La posición de la agencia recurrida es que en este caso no ha ocurrido un ataque. En *López* v. *Muñoz, Gobernador*, 81 D.P.R. 337 (1959), tuvimos ocasión de referirnos a la Ley Núm. 127 de 1958, sucesora de la Núm. 189 de 2 de mayo de 1951. Dijimos entonces que "la Ley 127 de 1958 no tuvo como único fin adicionar el requisito del ataque a la persona, ni en términos generales fue su propósito restringir el alcance beneficioso del estatuto anterior, sino por el contrario, lo amplió considerablemente". Págs. 349–350. En apoyo de esta determinación hicimos referencia expresa al historial legislativo de la Ley Núm. 127.

El señor Secretario de Justicia tuvo ocasión de examinar esta ley poco después de su aprobación. Su interpretación

contemporánea del estatuto es que el mismo es de naturaleza reparadora, que no es indispensable que la incapacidad tenga que surgir como resultado de un daño *directamente* causado por la persona que se apresa o trata de apresar por el policía. 31 Opiniones del Srio. de Justicia 271 (1960), Núm. 1960-57.

 La Ley Núm. 127 no cubre todos los accidentes o daños que puedan sobrevenir a un policía en el desempeño de sus funciones. Tienen que darse las circunstancias especiales que fija el estatuto al enumerar taxativamente las circunstancias que pueden hacer acreedor a un servidor público a una pensión especial. En el caso presente hay que resolver si el apelante fue "atacado", conforme la terminología del estatuto. No es la letra de la ley, sino su espíritu, lo determinante de su significado. Un forcejeo entraña un acto de violencia. Representa una agresión, un ataque mutuo, la exposición del policía al "riesgo de incapacidad física" de que habla la Exposición de Motivos de la Ley Núm. 127. El caso de autos es ciertamente más claro que el que fue objeto de la opinión citada del Secretario de Justicia, en que la lesión consistió en la herniación de un disco ocurrida al brincar el vehículo en que viajaba el policía en persecución de un presunto asesino. [1]

*Por las razones expuestas, se revocará la sentencia recurrida y se instruirá a la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura que le extienda al apelante los beneficios correspondientes bajo la Ley Núm. 127 de 27 de junio de 1958, según enmendada.*

---

[1] Es innecesario que nos expresemos, por no estar ante nuestra consideración, sobre tal situación de hechos.