GILBERTO MUÑOZ HERNÁNDEZ, demandante y recurrente, *v.* POLICÍA DE PUERTO RICO, demandada y recurrida.

*Número:* CE-88-560 *Resuelto:* 8 de noviembre de 1993

*Jorge A. González Lugo*, de *Cordero & González*, abogado del recurrente; *Jorge E. Pérez Díaz, Procurador General*, y *Miriam Álvarez Archilla, Procuradora General Auxiliar*, abogados de El Pueblo.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión de Tribunal.

Hoy nos toca resolver si, de acuerdo con lo dispuesto en la Ley de la Policía de Puerto Rico de 1974, Ley Núm. 26 de 22 de agosto de 1974, según enmendada, 25 L.P.R.A. sec. 1001 *et seq.*, y el Reglamento de Personal de la Policía, un miembro de dicho cuerpo tiene derecho a las vacaciones regulares acumuladas en exceso de los sesenta (60) días que no pudo disfrutar debido a que estaba reportado al Fondo del Seguro del Estado (en adelante F.S.E.).

# I

El recurrente Gilberto Muñoz Hernández es un agente del Cuerpo de Investigaciones Criminales de la Policía de Puerto Rico, quien sufrió un accidente del trabajo por el cual recibió tratamiento del F.S.E. Como parte del tratamiento, el médico del F.S.E. envió al agente Muñoz Hernández a descansar desde el 9 de mayo de 1984 hasta al 28 de enero de 1985. Por ese motivo no pudo disfrutar de vacaciones durante 1984. Se reintegró al servicio el 29 de enero de 1985.

El 6 de mayo de 1985 el agente Muñoz Hernández solicitó a su supervisor que durante el período de 17 de mayo a 1ro de julio de 1985 le permitiera disfrutar de treinta (30) días de vacaciones regulares correspondientes a 1984. Alegó que no pudo disfrutar de vacaciones en 1984 debido a que estuvo reportado al F.S.E. Reclamó, en particular, que se le permitiera disfrutar del exceso de sesenta (60) días de vacaciones regulares que tenía acumuladas.[1]

El 27 de mayo de 1985 la Policía de Puerto Rico denegó la solicitud aduciendo que a esa situación no le era aplicable la Sec. 17.4, inciso 1(g) del Reglamento de Personal de la Policía de Puerto Rico de 1981 (en adelante Reglamento). Este dispone que solamente los empleados que no pudieron disfrutar de la licencia de vacaciones durante el año, por necesidades del servicio y a requerimiento del Superintendente, pueden disfrutar del exceso de sesenta (60) días durante los primeros seis (6) meses del siguiente año.

No conforme, el agente Muñoz Hernández apeló la decisión ante la Junta de Apelaciones del Sistema de Administración de Personal (en adelante J.A.S.A.P.). Esta archivó la apelación por inmeritoria y concluyó lo siguiente:

El inciso 1(c) de la Sección 17.4 del Reglamento de Personal de la Policía establece que "los empleados podrían acumular

---

[1] Del ·expediente no surge la cantidad de días que tenía acumulado el recurrente.

licencia de vacaciones hasta un máximo de sesenta (60) días laborables al finalizar cada año natural".

La única excepción a la anterior norma se encuentra en el inciso 1(g) de la referida sección, donde se estipula lo siguiente:

"Los empleados que no puedan disfrutar la licencia de vacaciones durante determinado año natural *por necesidades del servicio y a requerimiento del Superintendente* están exceptuados de las disposiciones del inciso 1(c) precedente ...".

A la luz de las citadas normas, es evidente que el apelante no puede prevalecer en su reclamo. El haber estado reportado enfermo por accidente del trabajo desde el 9 de mayo de 1984 hasta el 28 de enero de 1985, no constituye una circunstancia que autorice a eximir al apelante de los efectos del inciso 1(c), *supra*. La excepción del inciso 1(g) aplica, no a los que han estado fuera del servicio como el apelante, sino aquellos que han tenido que quedarse prestando servicios y no han podido disfrutar de sus vacaciones por razones de exigencias de su trabajo y a requerimiento del Superintendente. (Énfasis en el original.)

Inconforme, el agente Muñoz Hernández presentó solicitud de revisión ante el Tribunal Superior. Ésta fue denegada mediante sentencia.

Al igual que J.A.S.A.P., el tribunal determinó que la Ley de la Policía de Puerto Rico de 1974 y su Reglamento no contemplaban la situación del recurrente. Además, estimó que éste incurrió en incuria al dejar transcurrir el 1984 sin solicitarle al Superintendente que lo autorizara a disfrutar el exceso de los sesenta (60) días de vacaciones durante los primeros seis (6) meses de 1985, hecho que, según el tribunal, pudo realizar aun estando reportado al F.S.E.

De la anterior sentencia, el agente Muñoz Hernández recurrió ante este Foro planteando, como único error, que el tribunal de instancia determinara que no tenía derecho a disfrutar las vacaciones en exceso de sesenta (60) días, ya que no las solicitó y disfrutó antes de 31 de diciembre de 1984. Decidimos revisar y expedimos el auto.

## II

La Asamblea Legislativa aprobó la Ley de Personal del Servicio Público de Puerto Rico, Ley Núm. 5 de 14 de octubre de 1975 (3 L.P.R.A. sec. 1301 *et seq.*) para establecer un solo sistema de personal para los empleados públicos. Mediante ésta se hizo extensivo el principio de mérito a todos los sectores del empleo público. *Aut. de Puertos v. Mun. de San Juan*, 123 D.P.R. 496 (1989); *Torres Ponce v. Jiménez*, 113 D.P.R. 58, 69 (1982).

La ley dividió el Sistema de Administración de Personal en una Administración Central y los Administradores Individuales, Sec. 5.1 (3 L.P.R.A. sec. 1341).[2] La Policía de Puerto Rico es un administrador individual, Sec. 5.3 (3 L.P.R.A. sec. 1343), al cual le aplican las disposiciones de la Ley Núm. 5, *supra*, y cuyo Reglamento de Personal debe estar en armonía con las disposiciones sobre las áreas esenciales al principio de mérito[3] y todas aquellas que no sean esenciales pero que son necesarias para lograr un sistema de administración moderno y justo. Sec. 5.7 (3 L.P.R.A. sec. 1347(1)).

En cuanto a las licencias, la Ley de Personal del Servicio Público de Puerto Rico dispone en su Sec. 5.15 (3 L.P.R.A. sec. 1355) lo siguiente:

Además de los beneficios marginales [y licencias] que se establecen para los empleados públicos, mediante leyes especia-

---

[2] Están excluídas de la aplicación de esta ley las Ramas Legislativa y Judicial y varias agencias e instrumentalidades del Gobierno. Véase Sec. 10.6 (3 L.P.R.A. sec. 1338).

[3] La Sec. 2.1 de la Ley de Personal del Servicio Público de Puerto Rico, 3 L.P.R.A. sec. 1311, establece:

"La política pública del Estado Libre Asociado de Puerto Rico en lo relativo al personal del servicio público es la que a continuación se expresa:

"(1)Establecer el mérito como el principio que regirá todo el servicio público, de modo que sean los más aptos los que sirvan al Gobierno y que todo empleado sea seleccionado, adiestrado y ascendido y retenido en su empleo en consideración al mérito y a la capacidad sin discrimen por razones de raza, color, sexo, nacimiento, edad, origen o condición social, ni por ideas políticas o religiosas."

les, incluyendo las disposiciones vigentes sobre días feriados, estos tendrán derecho, entre otros, a los siguientes según se disponga mediante reglamento:

(1)Licencia de [V]acaciones;

Será responsabilidad de cada agencia velar por la protección y buena administración de los beneficios marginales de los empleados.

De otra parte, la ley que crea el Cuerpo de la Policía dispone sobre las licencias en el Art. 19 (25 L.P.R.A. sec. 1019). Las partes pertinentes señalan:

(a)Los miembros de la Policía tendrán derecho a licencia de vacaciones anualmente a razón de dos días y medio (2 1/2) por cada mes de servicio, y a licencia por enfermedad a razón de día y medio (1 1/2) por cada mes de servicio, excluyendo en ambos casos los sábados, domingos, y días de fiesta legal. La licencia de vacaciones se concederá por un período consecutivo de no menos de quince (15) días al año. Se podrá acumular vacaciones hasta un máximo de sesenta (60) días laborables al finalizar cualquier año natural.

(b)El tiempo durante el cual un miembro de la Policía tenga que permanecer hospitalizado o recluído bajo tratamiento médico como consecuencia de algún accidente o heridas sufridas en el desempeño de sus funciones no será deducible de las licencias de vacaciones o enfermedad autorizados en el inciso (a) de esta sección, disponiéndose, que continuará recibiendo su sueldo mensual y cualquier otro derecho ya adquirido.

El Art. 17 del Reglamento, a su vez, incluye las vacaciones como parte de los beneficios marginales. Este, en su Sec. 17.1, establece la norma general sobre dichos beneficios:

Los beneficios marginales representan un ingreso adicional para el empleado, seguridad y mejores condiciones de empleo. La administración del programa de beneficios marginales, en forma justa y eficaz, propende a establecer un clima de buenas relaciones y satisfacción en el empleado, que contribuirá a su mayor productividad y eficiencia. ...

Constituye responsabilidad p[ermanente] de la Policía de Puerto Rico el mantener a los empleados debidamente informados y orientados sobre los beneficios marginales y los términos

y condiciones que rigen su disfrute. Reglamento de la Policía de Puerto Rico, Sec. 17.1 (1984).

Por su parte, la Sec. 17.4 sobre licencias establece, en lo pertinente, lo siguiente:

Los empleados de la Policía de Puerto Rico tendrán derecho a las siguientes licencias, con o sin paga, conforme se establece a continuación:

1. Licencia de Vacaciones

a. *La licencia de vacaciones es el período de tiempo que se autoriza al empleado a ausentarse de su trabajo, con paga, con el propósito de ofrecerle la oportunidad de reponerse del cansancio físico y mental que le causa el desempeño de sus funciones.*

b. Todo empleado tendrá derecho a acumular licencia de vacaciones a razón de dos días y medio (2 1/2) por cada mes de servicios. Los empleados a jornada parcial devengarán licencia de vacaciones en forma proporcional al número de horas en que presten servicios regularmente.

c. Los empleados podrán acumular licencia de vacaciones hasta un máximo de sesenta (60) días laborables al finalizar cada año natural.

d. *La Policía de Puerto Rico formulará un plan de vacaciones, por año natural,* en coordinación con los respectivos supervisores y los empleados, que establezcan el período dentro del cual cada empleado disfrutará de sus vacaciones, *en la forma más compatible con las necesidades del servicio.* Dicho plan *deberá establecerse con la antelación necesaria para que entre en vigor el primero de enero de cada año* . Será responsabilidad de la Policía de Puerto Rico y de los empleados dar cumplimiento al referido plan. Sólo podrá hacerse excepción por necesidad clara e inaplazable del servicio.

e. *El plan de vacaciones se formulará y administrará de modo que los empleados no pierdan licencia de vacaciones al finalizar el año natural, y disfruten de su licencia regular de vacaciones anualmente.*

f. *Todo empleado tendrá derecho a disfrutar de su licencia de vacaciones acumuladas por un período de treinta (30) días laborables durante cada año natural, de los cuales no menos de quince (15) días deberán ser consecutivos.*

g. Los empleados que no puedan disfrutar la licencia de vacaciones durante determinado año natural por *necesidades del servicio y a requerimiento del Superintendente* están exceptuados de las disposiciones del inciso 1(c) precedente. *Se tomarán las medidas para que el empleado disfrute, de por lo menos,*

*el exceso de licencia acumulada sobre el límite de sesenta (60) días, en la fecha más próxima posible, dentro del término de los primeros seis (6) meses del siguiente año natural.* (Énfasis suplido.) Reglamento de la Policía de Puerto Rico, Sec. 17.4 (1984).

En relación con el propósito de las vacaciones, hemos expresado que éste "es concederle al empleado un período de descanso que le ayude a reparar periódicamente las fuerzas que el diario trajín agota, así como brindarle la ocasión de compartir más intensamente con su familia un período de vacaciones anualmente. Es la única oportunidad que tiene para poder gozar de la compañía de su familia durante todo el día durante un período razonable". *Rivera Maldonado v. Autoridad Sobre Hogares*, 87 D.P.R. 453, 456 (1963). "Las vacaciones han sido instituidas con el propósito de permitir a los empleados un período de descanso para reponer las fuerzas físicas y mentales agotadas en el período de trabajo y compartir ratos de tranquilidad y sosiego con sus familias." *Ramos Villanueva v. Depto. de Comercio*, 114 D.P.R. 665, 666 (1983).

Por otro lado, la Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. sec. 1 *et seq.*, establece, como política pública, garantizar al trabajador lesionado el mejor y más rápido tratamiento que la ciencia médica sea capaz de proveerle, de manera que éste pueda reintegrarse a la mayor brevedad posible a su empleo totalmente restablecido de sus lesiones, tanto físicas como mentales. Art. 1 (11 L.P.R.A. sec. 1a). Esto incluye asistencia médica, servicios de hospital y las medicinas que le prescriban. Abarca, pues, todo aquello que sea necesario para reintegrar al obrero a su trabajo, incluyendo los períodos de descanso prescritos para su restablecimiento.

## III

Tanto la Ley de la Policía de Puerto Rico de 1974 como el Reglamento establecen que sus miembros tendrán derecho a licencia de vacaciones a razón de dos días y medio (2 1/2) por cada mes de servicio; o sea, treinta (30) días anuales, computándose éstos, no a base del tiempo trabajado, sino sobre la base de cada mes de servicio. Se dispone expresamente que la autoridad nominadora se pondrá de acuerdo con los empleados para fijar sus vacaciones anuales dentro del transcurso de cada año. Además, surge con meridiana claridad que la Sec. 17.4 del Reglamento tiene como propósito el que los empleados disfruten de sus vacaciones cada año y que el plan de vacaciones anual se formule y administre de manera que los empleados no pierdan este beneficio marginal.

La reglamentación promulgada permite una acumulación de hasta sesenta (60) días de vacaciones anualmente y el poder disfrutar de los excesos de dichos sesenta (60) días en los primeros seis (6) meses del próximo año. Esto le ofrece al empleado la oportunidad de, en ocasiones, tener un período más largo de descanso. Por otro lado, también beneficia al servicio público, pues no obliga a que se tengan que conceder, indefectiblemente, vacaciones anuales a todos los empleados. Esta flexibilidad evita que, en ciertas circunstancias, se pueda perjudicar este vital servicio público. La Sec. 17.4(g) del Reglamento tiene el propósito primordial de evitar que estos servidores públicos pierdan vacaciones acumuladas cuando por necesidades del servicio y a requerimiento del Superintendente no puedan disfrutar de sus vacaciones durante el año.

De lo anteriormente expuesto, surge el carácter reparador o remedial de la legislación. Por lo tanto, ésta debe ser interpretada liberalmente para lograr su propósito. *González v. Adm. de Sistemas de Retiro*, 113 D.P.R. 292, 294 (1982); *Sánchez v. A.S.R.E.G.J.*, 116 D.P.R.

372, 378 (1985); *Morales v. Adm. Sistemas de Retiro*, 123 D.P.R. 589 (1989); *Calderón v. Adm. Sistemas de Retiro*, 129 D.P.R. 1020 (1992). Véase, además, R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes de Puerto Rico*, 2da ed. rev., San Juan, Pubs. J.T.S., 1987, T. I, pág. 455. La jurisprudencia ha destacado la metodología de interpretación liberal de los estatutos en el área de legislación obrera. Véase, por ejemplo, *J.R.T. v. Línea Suprema Inc.*, 89 D.P.R. 840, 845 (1964), sobre la Ley de Relaciones del Trabajo; *Sucn. Meléndez v. Central San Vicente*, 86 D.P.R. 398, 406 (1962), sobre la aplicación de nuestras leyes laborales cuando son más beneficiosas que las federales; *Nazario v. Vélez*, 97 D.P.R. 458, 460–461 (1969), sobre salario mínimo; *López Vega v. F. Vega Otero, Inc.*, 103 D.P.R. 175, 177 (1974), sobre que la exclusión de un empleado de los beneficios de la legislación laboral debe ser clara y debe interpretarse restrictivamente; *González v. Adm. de Sistemas de Retiro*, supra, pág. 293, sobre la Ley de Beneficios por Incapacidad; *Morales v. Adm. Sistemas de Retiro*, supra, sobre legislación que concede pensiones; *Avon Products, Inc. v. Srio. del Trabajo*, 105 D.P.R. 803, 807–808 (1977), sobre la Ley de Seguridad de Empleo; *Bruno Colón v. Comisión Industrial*, 109 D.P.R. 785, 787 (1980), sobre la Ley de Compensaciones por Accidentes del Trabajo. Véase, también, Bernier y Cuevas Segarra, *op. cit.*, págs. 456–459.

Con relación a la forma de interpretar los estatutos de carácter reparador o remedial, y sobre lo que constituye una interpretación liberal, nos dice el tratadista Sutherland:

> Remedial statutes are liberally construed to supress the evil and advance the remedy. The policy that a remedial statute should be liberally construed in order to effectuate the remedial purpose for which it was enacted is firmly established. Expressions of a rule to that effect appear over and over in judicial opinions.

> What is called a liberal construction is ordinarily one which makes the statutory rule or principle apply to more things or in more situations than would be the case under a strict construction. 3 *Sutherland, Statutes and Statutory Construction* Sec. 60.01, pág. 147 (5ta ed. 1992).

Al implantar un estatuto remedial, su interpretación debe ser liberal y abarcadora de modo que cubra el mayor número de casos.

En *Rivera Maldonado v. Autoridad sobre Hogares*, supra, pág. 456, al referirnos a salarios y vacaciones expresamos que:

> Es principio cardinal de hermenéutica el que a las palabras [y] al lenguaje de una ley, debe dársele la interpretación que valid[a] el propósito que tuvo el legislador al aprobar la medida.

Surge de la Exposición de Motivos de la Ley de la Policía de Puerto Rico de 1974 que la intención legislativa fue profesionalizar más este organismo y ofrecerle a sus miembros mayores beneficios y seguridad en el empleo. El último párrafo de dicha Exposición de Motivos expresa:

> Se impone la creación de una nueva estructura administrativa para el Cuerpo de la Policía, con nuevas normas y métodos para la selección, reclutamiento, adiestramiento, mejoramiento profesional, licencias y otros incentivos que sirven al objetivo de instituir una organización policiaca de excelencia, que responda a las exigencias de nuestros tiempos. Hacia esos fines está dirigida esta ley. 1974 (Parte 2) Leyes de Puerto Rico 727.

Ahora bien, el Reglamento ante nuestra consideración provee para que a los empleados que no puedan disfrutar su licencia de vacaciones durante el año debido a *necesidades del servicio*, y a requerimiento del Superintendente, se les permita disfrutar del exceso de sesenta (60) días durante los primeros seis (6) meses del próximo año. El caso del recurrente, donde éste no pudo disfrutar sus vacaciones por razón de un accidente del trabajo, no está específicamente contemplado por dicha reglamentación. Sin embargo, la situación en que se encuentra el agente,

aunque distinta, es análoga a la allí contemplada.(⁴) *Olmo v. Young & Rubicam of P.R., Inc.*, 110 D.P.R. 740, 743 (1981).

En el caso de autos, el motivo para no poder disfrutar las vacaciones durante 1984 no respondió a causas atribuibles al recurrente. Un accidente del trabajo, situación de la cual no tenía control alguno, le impidió al agente Muñoz Hernández disfrutar de sus vacaciones. Como resultado de este accidente, su patrono lo refirió al F.S.E. Parte del tratamiento ofrecido por el F.S.E. fue enviarlo a descansar a su casa. Este período de descanso no representó, ni podía representar, unas vacaciones otorgadas por dicho organismo gubernamental.

El concepto y propósito de las vacaciones de permitir "compartir ratos de tranquilidad y sosiego con sus familiares", no concuerda con los períodos de descanso y tratamiento ordenados por el F.S.E. El período de descanso ordenado era para que el agente repusiese sus fuerzas físicas y mentales agotadas, no por un período de trabajo, sino por una lesión recibida en funciones del empleo.

La situación en que se encontraba el agente Muñoz Hernández es similar a la dispuesta en el inciso (g). Ambas tienen su origen en la prestación de servicios y ambas tienen como consecuencia que el empleado se vea imposibilitado de disfrutar vacaciones por razones relacionadas con el servicio. Por lo tanto, cuando el impedimento para disfrutar de vacaciones es resultado de un accidente del trabajo cubierto bajo el F.S.E., el cual obviamente ocu-

---

(⁴) Sobre la técnica de analogías o procedimientos analógicos, expone Puig Brutau:

"La analogía es la aplicación a un caso no previsto de la norma que se refiere a otro, que ofrece con el primero una semejanza que el intérprete considera suficiente para que la aplicación esté justificada por concurrir en uno y otro la misma razón. No sería lógico ni justo que dentro de un mismo ordenamiento no se resolvieran igual ambos supuestos, a pesar de sus circunstanciales diferencias, cuando coinciden en lo esencial. *La analogía significa comprobación de igualdad normativa entre dos casos que no son completamente iguales, pero que lo son en grado suficiente para que el régimen jurídico de uno deba ser igualmente el del otro.*" (Énfasis suplido.) J. Puig Brutau, *Introducción al Derecho Civil*, Barcelona, Ed. Bosch, 1981, pág. 338.

rre durante el desempeño de sus deberes, no se puede interpretar la ley de manera que esta tenga como resultado penalizar a aquel miembro de la Policía que por haber sido herido en el cumplimiento de su deber no puede disfrutar de los días de vacaciones acumulados en exceso. Brinda apoyo a esta interpretación el Art. 19 de la Ley de la Policía de Puerto Rico de 1974 (25 L.P.R.A. sec. 1019), que prohíbe que el tiempo durante el cual un miembro de la Policía tenga que permanecer hospitalizado o recluído bajo tratamiento médico como consecuencia de algún accidente o heridas sufridas en el desempeño de sus funciones sea deducido de su licencia de vacaciones o enfermedad. Este artículo también dispone que continuará recibiendo su sueldo mensual y cualquier otro derecho ya adquirido.[5]

Cabe señalar, además, que después de todo, un policía que tiene una cantidad de vacaciones acumuladas por encima de lo permitido anualmente, como es el caso del agente Muñoz Hernández, es uno que ha cumplido cabalmente con su deber y ha antepuesto la responsabilidad en su trabajo a su bienestar personal, siendo ésta la razón por la cual tiene tantos días de vacaciones acumulados. No se trata de un empleado que ha faltado mucho a su trabajo, sino de uno que ha sido cumplidor.[6]

 Las autoridades nominadoras deben procurar ofrecer a los empleados la oportunidad de disfrutar de las vacaciones que la ley le concede y, tomando en consideración las necesidades del servicio, deben procurar que éstos, de ser posible, disfruten anualmente del período de descanso. *Rivera Maldonado v. Autoridad sobre Hogares,*

---

[5] Debe quedar claro, sin embargo, que no estamos resolviendo que un empleado tiene derecho a acumular vacaciones durante el tiempo que está en descanso por razón de tratamiento del Fondo del Seguro del Estado.

[6] Fue esa responsabilidad la que obligó al recurrente a no tomar vacaciones a las que tenía derecho. Por ello, no es justo que las pierda cuando más falta le hacen; luego de un período de convalecencia por haber estado lesionado o herido al cumplir con sus deberes. La lesión del demandante fue de tal naturaleza que requirió que estuviera bajo tratamiento del F.S.E. por siete meses. Este período que estuvo en tratamiento no puede equipararse al disfrute de unas vacaciones.

supra, pág. 461. De igual forma, deben permitir a sus empleados disfrutar de los beneficios que provee el F.S.E. con la tranquilidad de espíritu de saber que no se perjudicarán en su trabajo por utilizar los mismos ni se menoscabarán sus derechos a los beneficios marginales.

Todo lo antes expuesto nos lleva a concluir que al amparo de la Sec. 17.4(1)(g) del Reglamento, el recurrente tenía derecho a disfrutar de las vacaciones acumuladas en exceso que no pudo disfrutar durante 1984 por encontrarse bajo tratamiento del F.S.E.

## IV

El recurrente tampoco incurrió en incuria al solicitar su licencia de vacaciones. La defensa de incuria procede cuando la ley no establece un término prescriptivo para el ejercicio de una acción, *Piovanetti Doumont v. Martínez,* 99 D.P.R. 663, 667 (1971), y aplica si se demuestra que la dilación causó un perjuicio al demandado o que se le ha puesto en desventaja por razón del tiempo transcurrido, *Hernández Agosto v. Romero Barceló,* 112 D.P.R. 407, 417 (1982); *J.R.T. v. Marex Const. Co., Inc.,* 103 D.P.R. 135, 142 (1974).

La Sec. 17.4(1)(d) del Reglamento dispone que la Policía formulará un plan de vacaciones anual, en coordinación con los respectivos supervisores y los empleados, en el cual se establecerá el período dentro del cual cada empleado disfrutará de sus vacaciones, en la forma más compatible con las necesidades del servicio. Dicho plan deberá establecerse con la antelación necesaria para que entre en vigor el 1ro de enero de cada año. También requiere la Sec. 17.4(1)(e) del Reglamento, que dicho plan se formule y administre de modo que los empleados no pierdan licencia de vacaciones al finalizar el año y disfruten de una licencia regular de vacaciones.

Surge de lo anterior que, como regla general, los em-

pleados y sus supervisores deben coordinar el período para disfrutar el exceso de vacaciones antes de 31 de diciembre anterior al semestre en que se han de disfrutar, de manera que se pueda formular el plan de vacaciones que tendrá vigencia desde el 1ro de enero.

Sin embargo, en el caso de autos se configura una excepción debido a que el agente lesionado no pudo solicitar sus vacaciones antes de 31 de diciembre porque se encontraba en su casa bajo tratamiento de descanso prescrito por el F.S.E. Después de todo, no estaba bajo su control cuándo iba a ser dado de alta.

Si existía un plan de vacaciones establecido desde enero, en él se debió contemplar las vacaciones del demandante. Si no se habían incluído, cuando el empleado se reintegró al servicio el 29 de enero de 1985, sus supervisores debieron coordinar con él en qué momento, durante ese año, tomaría sus vacaciones, así como lo relacionado con los excesos de días de vacaciones acumulados. Por consiguiente, concluimos que el recurrente hizo la solicitud en un tiempo razonable y que, además, caía dentro de los seis (6) meses establecidos por el Reglamento. Al menos se le debió permitir disfrutar los días acumulados en exceso. De todas formas, y de acuerdo con la Ley de la Policía de Puerto Rico de 1974 y el Reglamento, tenía derecho en algún momento durante ese 1985 a disfrutar de vacaciones, excepto que por necesidades del servicio y a requerimiento del Superintendente no se les pudieran conceder.

Por todo lo antes expuesto, *procede que se dicte sentencia revocando la emitida por el Tribunal Superior, Sala de Arecibo, el 31 de agosto de 1988, y devolviendo el caso al foro de instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.*

El Juez Asociado Señor Alonso Alonso disintió sin opinion escrita. El Juez Asociado Señor Fuster Berlingeri no intervino.