

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Carlos O. Cordero Jiménez<br>        Peticionario<br><br>              v.<br><br>Universidad de Puerto Rico<br>        Recurrida | Certiorari<br><br>2013 TSPR 25<br><br>188 DPR ____ |

Número del Caso: CC-2012-302


Fecha: 28 de febrero de 2013


Tribunal de Apelaciones:

            Región Judicial de San Juan, Panel I


Abogado de la Parte Peticionaria:

            Lcdo. Frank M. González Acevedo

Abogado de la Parte Recurrida:

            Lcdo. Efraín Maceira Ortiz



Materia: Derecho Laboral – Ley Núm. 115-1991, conocida como Ley de Represalias; alcance de su aplicación a empleados públicos.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos O. Cordero Jiménez

    Peticionario

       v.

                             CC-2012-302     Certiorari

Universidad de Puerto Rico

    Recurrida

Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 28 de febrero de 2013.

El presente recurso nos requiere analizar la extensión de la aplicación de la Ley Núm. 115-1991, conocida como Ley de Represalias, 29 L.P.R.A. sec. 194 *et seq.*, según enmendada. Debemos determinar si la Ley Núm. 115, *supra*, aplica a todo el sector gubernamental sin excepción, o si, por el contrario, existe alguna distinción de acuerdo a la forma en que opere la instrumentalidad. Específicamente, debemos resolver si los empleados de la Universidad de Puerto Rico están cubiertos por la Ley Núm. 115, *supra*.

I

El 23 de abril de 2008 el Sr. Carlos O. Cordero Jiménez, quien se desempeñaba como profesor catedrático en la Universidad de Puerto Rico, Recinto de Humacao, radicó una reclamación ante la Equal Employment Opportunity Commission (E.E.O.C.).

En su querella, el profesor Cordero Jiménez sostuvo que, luego de casi 28 años de laborar para su patrono, fue discriminado por éste al asignarle menos cursos en comparación con profesores de menor edad, menor preparación y menor antigüedad. Arguyó que estuvo sujeto a una supervisión más rigurosa, no se le asignaba la misma cantidad de trabajo u horas créditos, entre otras acciones adversas. Indicó que el motivo era su edad. Además, señaló que había estado sujeto a un ambiente hostil por razón de su edad. Como resultado de este patrón de eventos y estas acciones, las cuales arguyó que vinieron ocurriendo desde el 2007, radicó la querella ante la E.E.O.C. El profesor Cordero Jiménez sostuvo que ha sufrido daños, incluyendo sufrimientos físicos y emocionales, angustias mentales y daños a su reputación.

Luego de este proceso ante la E.E.O.C., el 27 de diciembre de 2010 el profesor Cordero Jiménez presentó una querella en el Tribunal de Primera Instancia bajo el procedimiento sumario dispuesto para reclamaciones laborales por la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. secs. 3118 *et seq.*, según enmendada. La querella contra la Universidad de Puerto Rico y su recinto de

Humacao (en adelante la UPR), se presentó al amparo de la Ley Núm. 100 de 30 de junio de 1959, conocida como Ley contra el discrimen en el empleo, 29 L.P.R.A. secs. 146 *et seq.*, según enmendada, y la Ley Núm. 115, *supra*.

El profesor Cordero Jiménez arguyó que debido a la reclamación ante el foro administrativo, su patrono tomó represalias contra él. Sostuvo, además, que estas represalias le han causado daños y angustias mentales. Asimismo, señaló que su crecimiento profesional y su desempeño en los comités a los cuales pertenece se han visto afectados.

El 11 de febrero de 2011 la UPR presentó una moción ante el Tribunal de Primera Instancia en la cual solicitó la desestimación parcial con perjuicio de las causas de acción bajo la Ley Núm. 100, *supra*, y bajo la Ley Núm. 2, *supra*. Fundamentó su petición en que estas leyes no aplican a la UPR. En la mencionada fecha, la UPR también presentó una moción en la cual solicitó que la querella presentada por el profesor Cordero Jiménez fuera tramitada por el procedimiento ordinario debido a la naturaleza de la reclamación. La UPR sostuvo que necesitaba realizar un descubrimiento de prueba más amplio. Por su parte, el profesor Cordero Jiménez solicitó que se permitiera el desistimiento sin perjuicio de la reclamación bajo la Ley Núm. 100, *supra*. Así las cosas, el 15 de marzo de 2011 la UPR presentó una moción en la cual se opuso a la desestimación parcial y el desistimiento parcial sin

perjuicio, y sostuvo su petición de que se desestimara con perjuicio la causa de acción.

El 30 de marzo de 2011 el Tribunal de Primera Instancia notificó una sentencia parcial mediante la cual desestimó con perjuicio la causa de acción bajo la Ley Núm. 100, *supra*. Consecuentemente, quedaba pendiente la reclamación sobre represalias bajo la Ley Núm. 115, *supra*. El 23 de marzo de 2011 la UPR presentó una réplica en la cual reiteró su solicitud de desestimación de la causa de acción bajo la Ley Núm. 115, *supra*, y pidió que se ordenara su archivo con perjuicio. La Hon. Gloria Pérez Maury declaró "no ha lugar" esta petición.

La UPR presentó una moción ante el Tribunal de Primera Instancia en la cual solicitó que reconsiderara la denegatoria de la solicitud de desestimación de la causa de acción bajo la Ley Núm. 115, *supra*. Señaló que esta legislación no aplica a la UPR. El foro primario declaró "no ha lugar" esta reconsideración mediante una orden y resolución notificada el 7 de noviembre de 2011.

Inconforme, el 1 de diciembre de 2011, la UPR presentó un recurso de *certiorari* ante el Tribunal de Apelaciones en el cual solicitó la revisión de la orden del foro primario. Señaló que erró el Tribunal de Primera Instancia al denegar la solicitud de desestimación bajo la Ley Núm. 115, *supra*. Sostuvo que la UPR no es patrono bajo las disposiciones de la Ley Núm. 115, por ésta ser una enmienda de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. secs. 185a *et seq.*, conocida como Ley de Despido

Injustificado. Por su parte, el profesor Cordero Jiménez solicitó la desestimación del recurso presentado.

El 6 de febrero de 2012 el foro apelativo intermedio emitió una sentencia en la cual revocó la resolución del Tribunal de Primera Instancia. Expresó el Tribunal de Apelaciones que para que la ley laboral aplique a una instrumentalidad como la UPR, ésta tiene que operar como negocio o empresa privada. Al no operar la UPR como una empresa privada, concluyó el mencionado foro que no se puede considerar patrono al amparo de la Ley Núm. 115, *supra*. Además, sostuvo que, al ser la Ley Núm. 115 una enmienda a la Ley Núm. 80, *supra*, la Ley Núm. 115 no aplica a la UPR.

Inconforme con el dictamen, el 21 de febrero de 2012, el profesor Cordero Jiménez presentó una moción en la que solicitó la reconsideración de la sentencia dictada. Expresó que la Ley Núm. 115, *supra*, define el término *patrono* de manera clara y no excluyó a ningún sector de su aplicabilidad. La UPR se opuso a esta reconsideración. El Tribunal de Apelaciones dictó una resolución el 9 de marzo de 2012, notificada el 13 de marzo de 2012, mediante la cual declaró "no ha lugar" la reconsideración presentada.

El 12 de abril de 2012 el profesor Cordero Jiménez compareció ante este Tribunal mediante un recurso de *certiorari*. En éste nos solicitó que revocáramos el dictamen del foro apelativo intermedio. Señaló que erró el Tribunal de Apelaciones al interpretar que la Ley Núm. 115,

*supra*, no es extensiva a todo el sector gubernamental y, por ende, que no aplica a la UPR.

El 25 de mayo de 2012 expedimos el auto de *certiorari*. Contando con la comparecencia de las partes, procedemos a resolver.

## II

La controversia del caso de epígrafe requiere que nos expresemos en torno a la aplicabilidad de la Ley Núm. 115, *supra*, a los empleados de la UPR. La parte recurrida nos invita a que confirmemos la determinación del Tribunal de Apelaciones, mediante la cual el mencionado foro dictaminó que la Ley Núm. 115, *supra*, no aplica a la UPR. Veamos.

### A.

La Ley Núm. 115, *supra*, fue aprobada en 1991 con la intención de proteger a los empleados contra las represalias que puedan tomar los patronos en contra de éstos, por ofrecer algún tipo de testimonio, expresión o información, ya sea verbal o escrita, ante un foro legislativo, administrativo o judicial en Puerto Rico. 29 L.P.R.A. sec. 194a. De la Exposición de Motivos surge que la ley fue creada con el propósito de ratificar y confirmar la política pública de alta estima a la protección de los derechos de los trabajadores. En específico, el propósito de esta legislación estuvo encaminado a establecer, como política pública del Gobierno de Puerto Rico, "la protección de los empleos de los trabajadores, tanto de las instrumentalidades del Estado Libre Asociado como del sector privado, cuando comparecen ante la Legislatura o

alguna de sus comisiones, y ante foros administrativos o judiciales para colaborar con dichos foros". Exposición de Motivos de la Ley Núm. 115, *supra*. Véanse también: Feliciano Martes v. Sheraton, 182 D.P.R. 368, 392 (2011); Ocasio v. Kelly Servs., 163 D.P.R. 653, 684 (2005).

El Art. 2 de la Ley Núm. 115, *supra*, dispone que "[n]ingún patrono podrá despedir, amenazar, o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial de Puerto Rico, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley". 29 L.P.R.A. sec. 194(a). Si un patrono incurre en la conducta prohibida por el articulado anterior, el empleado podrá instar una acción civil en contra del patrono dentro de tres (3) años de la fecha en que ocurrió la violación. 29 L.P.R.A. sec. 194(b). La ley provee un remedio de indemnización para el empleado cuando su patrono incurre en alguna de las prácticas vedadas por ella. Véase Cintrón v. Ritz Carlton, 162 D.P.R. 32, 37 (2004). El empleado podrá solicitar que se le compense por los daños reales sufridos, las angustias mentales, la restitución en el empleo, los salarios dejados de devengar, beneficios y el cobro de honorarios de abogado. 29 L.P.R.A. sec. 194 a (b). Véase Feliciano Martes v. Sheraton, *supra*, pág. 393.

Además de establecer una ley general de represalias, la Ley Núm. 115, *supra*, incluyó una enmienda al Art. 2 de la Ley Núm. 80, 29 L.P.R.A. 185b, a los fines de establecer que no se considerará justa causa para el despido la colaboración o expresiones hechas por un empleado, relacionada con el negocio de su patrono ante cualquier foro administrativo, judicial o legislativo en Puerto Rico, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada según la ley. Esta enmienda a la Ley Núm. 80, *supra*, eliminó el requisito de que los testimonios ofrecidos por el empleado sean exclusivamente los vertidos en una investigación.

En torno a la Ley Núm. 80, *supra*, en <u>Adventist Health System v. Mercado</u>, 171 D.P.R. 255 (2007), este Tribunal expresó que la mencionada ley aplica a la empresa privada.[1] Esto, pues las disposiciones de la Ley Núm. 80, *supra*, no fueron extendidas por el legislador a la esfera gubernamental. Al explicar el motivo de ello, expresamos que "dichos empleados están debidamente protegidos por las garantías que les concede el principio de mérito, al extremo de que —en caso de un despido injustificado— éstos tienen derecho a ser reinstalados en sus puestos". <u>Adventist Health v. Mercado</u>, *supra*, pág. 264. De esta manera, la distinción entre el empleo público y el empleo

---

[1]Debido a que no era la cuestión que estaba ante la consideración de este Tribunal, como tampoco lo es en esta ocasión, no nos expresamos en cuanto a si la Ley Núm. 80, *supra*, aplica a las instrumentalidades del Gobierno que funcionan como negocio o empresa privada.

privado es lo que explica la inaplicabilidad de la Ley Núm. 80, *supra*, en negocios públicos. Adventist Health v. Mercado, *supra*, pág. 263.

En cuanto a la aplicabilidad de la Ley Núm. 115, *supra*, al sector gubernamental, tuvimos oportunidad de expresarnos en Rivera Prudencio v. Mun. de San Juan, 170 D.P.R. 149 (2007). En el mencionado caso, nos enfrentamos a la interrogante acerca de la aplicabilidad de la Ley Núm. 115, *supra*, a los empleados municipales y al testimonio que prestan éstos ante un foro administrativo municipal. En aquella ocasión sostuvimos que, aunque la exposición de motivos de la Ley Núm. 115, *supra*, expresa que la protección incluye tanto al sector privado como a las instrumentalidades del gobierno, la letra de la ley no expone su extensión con tanta claridad. Sin embargo, luego de realizar un análisis del historial legislativo, siguiendo las normas de hermenéutica aplicables y bajo la premisa que establece que cualquier duda en cuanto a los estatutos laborales debe resolverse a favor del empleado, sostuvimos que la protección de la Ley Núm. 115, *supra*, se extiende a los empleados municipales.

### B.

En materia de interpretación legislativa, cuando una ley es clara y libre de toda ambigüedad, el texto es la expresión por excelencia de la intención legislativa. Véanse: Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14; S.L.G. Rivera Carrasquillo v. A.A.A., 177 D.P.R. 345, 362 (2009); Alejandro Rivera v. E.L.A., 140

D.P.R. 538, 545 (1996); Román v. Superintendente de la Policía, 93 D.P.R. 685, 688 (1966). Ahora bien, es sabido que "[l]as leyes hay que interpretarlas y aplicarlas en comunión con el propósito social que las inspira, sin desvincularlas de la realidad y del problema humano que persiguen resolver". Asoc. Fcias. v. Caribe Specialty *et al.* II, 179 D.P.R. 923, 938-939 (2010); Col. Ing. Agrim. P.R. v. A.A.A., 131 D.P.R. 735, 756 (1992). Asimismo, cuando existe alguna ambigüedad en el texto de la ley, es principio de hermenéutica considerar los propósitos perseguidos por la Asamblea Legislativa para, de esta manera, asegurar el resultado originalmente deseado. S.L.G. Rivera Carrasquillo v. A.A.A., *supra*, pág. 362.

Con respecto a nuestras leyes laborales, hemos establecido que éstas deben ser interpretadas liberalmente, resolviendo toda duda a favor del obrero, para así cumplir con sus propósitos eminentemente sociales y reparadores. Jiménez, Hernández v. General Inst., Inc., 170 D.P.R. 14, 64 (2007); Irizarry v. J & J Cons. Prods. Co., Inc., 150 D.P.R. 155, 164 (2000); Muñoz Hernández v. Policía de P.R., 134 D.P.R. 486, 496-497 (1993); C. Zeno Santiago y V. M. Bermúdez, Tratado de Derecho del Trabajo, San Juan, Pubs. JTS, T. I. 2003, pág. 94. Esto es debido a que la legislación laboral local está orientada a garantizar la mayor protección de los derechos laborales de los trabajadores. Cintrón v. Ritz Carlton, *supra*, págs. 39-40. En consecuencia, la exclusión de un empleado de los beneficios de la legislación laboral debe ser clara y

convincente. <u>López Vega v. F. Vega Otero, Inc.</u>, 103 D.P.R. 175, 177 (1974).

III

A.

En el caso de epígrafe, el Tribunal de Apelaciones concluyó que un empleado de la UPR no podía instar una acción bajo la Ley Núm. 115, *supra*, por ésta no aplicar a la UPR. El fundamento principal de dicho dictamen fue que la Ley Núm. 115, *supra*, era una enmienda a la Ley Núm. 80, *supra*, por lo que no aplicaba a la UPR.

La Ley Núm. 115, *supra*, incluyó una enmienda a la Ley Núm. 80, *supra*. Sin embargo, al examinar el tracto legislativo que culminó con la aprobación de la Ley Núm. 115, *supra*, surge con claridad que el P. del S. 987 no fue meramente un proyecto de ley para enmendar la Ley Núm. 80, *supra*. Su exposición de motivos, su historial legislativo y cinco (5) de sus seis (6) artículos conforman un estatuto con personalidad propia. Véase Memorando de la Junta de Relaciones del Trabajo de Puerto Rico de 30 de abril de 1991, sobre el P. del S. 987, pág. 3. Solamente uno de sus artículos (el número 5), consiste en una enmienda al Art. 2 de la Ley Núm. 80, *supra*. Íd. La Ley Núm. 115, *supra*, creó una causa de acción independiente a la provista por la Ley Núm. 80, *supra*. Este tratamiento separado también surge de su título, el cual señala lo siguiente:

> Para disponer que todo empleado que fuere despedido, amenazado u objeto de discrimen en su cargo o empleo, por ofrecer testimonio ante un foro legislativo, administrativo o judicial, tenga una causa de acción en contra

de su patrono; para disponer remedios; establecer penalidades; y para enmendar el Artículo 2 de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada.

Por lo anterior, la inclusión en la Ley Núm. 115, *supra*, de una enmienda a otra ley no circunscribe la aplicación de la primera. El hecho de que el legislador haya incluido en el P. del S. 987 una enmienda a la Ley Núm. 80, *supra*, no hace que la ley en su totalidad sea solamente aplicable a quienes les aplica la ley cuyo artículo fue enmendado. Asimismo, la Ley Núm. 115, *supra*, provee una definición para el término *patrono*, por lo que no es necesario recurrir a otra legislación y la manera en que se ha aplicado para reconocer el alcance claramente expuesto en la Ley de Represalias.[2]

Además, las razones para no extender la protección de la Ley Núm. 80, *supra*, a los empleados públicos no justifica negarles la protección contra represalias que creó la Ley Núm. 115, *supra*. La inaplicabilidad de la Ley Núm. 80, *supra*, está fundamentada en que los empleados públicos ya estaban debidamente protegidos del despido injustificado mediante el principio de mérito. Por el contrario, los empleados públicos no contaban con un remedio contra las represalias similar al que fue incluido mediante la Ley Núm. 115, *supra*, el cual estuvo dirigido a salvaguardar los derechos de todos los trabajadores. Precisamente, el propósito del legislador con la Ley Núm.

_____

[2]El Art. 1 de la Ley Núm. 115, *supra*, define el término *patrono* como "cualquier persona que tenga uno o más empleados". (29 L.P.R.A. sec. 194).

115, *supra*, fue crear una ley general de represalias que cubriera a todos los empleados. En conclusión, es incorrecta la determinación hecha por el Tribunal de Apelaciones acerca de que la Ley Núm. 115, *supra*, es una enmienda a la Ley Núm. 80, *supra*, y no debe aplicar a la UPR.

B.

Examinado lo anterior, resta atender el argumento de los recurridos referente a que no es aplicable la Ley Núm. 115, *supra*, a la UPR por ésta no funcionar como empresa privada. Debemos determinar si la Ley Núm. 115, *supra*, aplica a todos los empleados del Gobierno o si existe alguna distinción en cuanto a la aplicabilidad de acuerdo a la manera en que opera la agencia o instrumentalidad.

Tal como mencionamos, en Rivera Prudencio v. Mun. de San Juan, *supra*, resolvimos que la Ley Núm. 115, *supra*, aplica a los empleados municipales. Como es sabido, los municipios son entidades jurídicas y políticas creadas por la Asamblea Legislativa al amparo de la facultad concedida por el Art. VI, Sec. 1 de la Constitución de Puerto Rico. Art. VI, Sec. 1, Const. E.L.A., L.P.R.A., Tomo 1. Véanse: Art. 2.001 de la Ley Núm. 81 de 30 de agosto de 1991, Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico, 21 L.P.R.A. sec. 4051 *et seq.*; First Bank de P.R. v. Mun. de Aguadilla, 153 D.P.R. 198, 203 (2001); Rodríguez Cruz v. Padilla Ayala, 125 D.P.R. 486, 510 (1990). A pesar de que se les reconoce capacidad legal independiente y separada de la del Estado Libre Asociado, los municipios

son parte del Gobierno como un todo. Rodríguez Cruz v. Padilla Ayala, *supra*. Siendo los municipios entidades del gobierno, es forzoso concluir que la determinación acerca de la aplicabilidad de la Ley Núm. 115, *supra*, a los empleados municipales realizada en Rivera Prudencio v. Mun. de San Juan, *supra*, es aplicable a los empleados del Gobierno. A pesar de reconocer lo anterior, la postura de los recurridos es que esta legislación no es aplicable a la UPR por ésta no funcionar como empresa privada.

Para determinar la extensión del alcance de la aplicación de la Ley Núm. 115, *supra*, al sector gubernamental es menester examinar las definiciones que brinda el estatuto. El Art. 1 de la mencionada ley ofrece unas definiciones para los vocablos *empleado*, *patrono* y *persona*. 29 L.P.R.A. sec. 194. *Empleado* es definido como "cualquier persona que preste servicios a cambio de salarios, o cualquier tipo de remuneración, mediante un contrato oral, escrito, explícito o implícito". Íd. Por su parte, *patrono*, según el articulado, es "cualquier persona que tenga uno o más empleados". Íd. Especifica su definición que el término *patrono* incluye también a los agentes del patrono. Íd. Por último, el vocablo *persona* es definido como individuo, sociedad, corporación, asociación, así como cualquier otra entidad jurídica. Íd.

Como se puede apreciar, las definiciones que brinda la ley son de gran amplitud. La falta de precisión en las definiciones podría dar ocasión a interpretaciones disímiles. Véase Rivera Prudencio v. Mun. de San Juan,

*supra*. Ante tal realidad, es menester recurrir a la intención del legislador plasmada en el historial de la ley. Esto pues, si existe alguna ambigüedad, en pos de asegurar el cumplimiento de los propósitos legislativos, es principio de hermenéutica considerar los propósitos perseguidos por la Asamblea Legislativa para asegurar el resultado originalmente querido. S.L.G. Rivera Carrasquillo v. A.A.A., *supra*, págs. 362-363; Vázquez v. A.R.P.E., 128 D.P.R. 513, 523 (1991). La Exposición de Motivos de la ley menciona que el propósito de su creación fue dejar clara la protección de los empleos de los trabajadores, tanto de las instrumentalidades del Estado Libre Asociado como del sector privado. Véase 55 Diario de Sesiones de la Asamblea Legislativa (Senado), Procedimientos y debates de la Asamblea Legislativa, Senado, P. del S. 987, 24 de junio de 1991, pág. 1924. Sin embargo, en la búsqueda de la intención legislativa no debemos limitarnos a la exposición de motivos de la ley, sino que también es necesario examinar el historial legislativo. S.L.G. Rivera Carrasquillo v. A.A.A., *supra*, pág. 363.

Al examinar el historial legislativo de la Ley Núm. 115, *supra*, surge que el alcance de la medida era extenso. El Diario de Sesiones muestra que el proyecto tenía como primer propósito ampliar las definiciones de *empleado*, *patrono* y *persona* para que se entendiera que la ley aplica a todo empleado, patrono o persona sin distinción de puesto, corporación o entidad. Véase 55 Diario de Sesiones de la Asamblea Legislativa (Senado), Procedimientos y

debates de la Asamblea Legislativa, Senado, P. del S. 987, 24 de junio de 1991, pág. 1926. Así lo expresó también la Comisión de Trabajo, Asuntos de Veterano y Recursos Humanos, al sostener que el proyecto iba dirigido a proteger a cualquier empleado sin distinción de puesto o empresa de manera que el mismo fuera de aplicación contra todo tipo de patrono. "La medida logra este propósito ampliando las definiciones de 'empleado', 'patrono' y 'persona'". Informe de la Comisión de Trabajo, Asuntos de Veterano y Recursos Humanos, 55 Diario de Sesiones de la Asamblea Legislativa (Senado), Procedimientos y debates de la Asamblea Legislativa, Senado, P. del S. 987, 24 de junio de 1991, pág. 1927.

La Junta de Relaciones del Trabajo recomendó que se incluyera en la definición de *patrono* a las instrumentalidades del Estado, debido a que en la Exposición de Motivos de la ley se expresa que la legislación aplicará tanto al sector privado como a las instrumentalidades del Estado Libre Asociado. Véase Memorando de la Junta de Relaciones de Trabajo de Puerto Rico de 30 de abril de 1991, pág. 1. Por su parte, el Departamento del Trabajo y Recursos Humanos expresó que, dado que las definiciones de *empleado* y *patrono* que se incluyeron en el proyecto de Ley no hacen exclusión alguna, entendía que la ley especial aplicaría tanto al empleado común como a los profesionales, administrativos y ejecutivos. Véase Memorando del Departamento del Trabajo y Recursos Humanos de 18 de marzo de 1991, pág. 3. Además,

concluyó que la aplicación era a todo tipo de empleado de la empresa privada y del gobierno (central o municipal), sin importar el tipo de agencia (agencia tradicional o corporación pública semejante a negocio o empresa privada). Íd. Señalaron que, si la intención de la medida no fuere de esta forma, correspondía hacer las aclaraciones de rigor. Íd. Sin embargo, el Proyecto quedó aprobado con las definiciones amplias que contenía en su inicio.

Además, no fue incluida en la Ley Núm. 115, *supra*, ninguna exclusión en cuanto a su aplicabilidad. Tampoco dispone esta ley una distinción entre empleados de instrumentalidades del gobierno de acuerdo a si éstas funcionan como empresa o negocio privado. Ello, contrario a otras leyes laborales que distinguen expresamente en cuanto a su aplicación al sector gubernamental. A manera de ejemplo, la Ley Núm. 100, *supra*, en su Art. 6 define el término *patrono* e incluye en su definición expresamente la distinción en cuanto a la aplicabilidad a las instrumentalidades del sector gubernamental de acuerdo a cómo funcionan éstas. 29 L.P.R.A. sec. 151. Expresa la aludida definición que *patrono*, para efectos de esta legislación, incluirá aquellas agencias o instrumentalidades del Gobierno de Puerto Rico que operen como negocios o empresas privadas.[3] Rodríguez Cruz v. Padilla Ayala, 125 D.P.R. 486, 508-509 (1990).

---

[3] En el caso de la aplicación de la Ley Núm. 100, *supra*, a la Universidad de Puerto Rico, se ha determinado que la UPR no es patrono a los fines de esta legislación.

Por su parte, la Ley Núm. 69 de 6 de julio de 1985, 29 L.P.R.A. secs. 1321-1341, según enmendada, conocida como Ley contra el discrimen en el empleo por razón de sexo, contiene una definición del término *patrono* amplia, tal como la definición de la Ley Núm. 115, *supra*, objeto de nuestro examen en esta ocasión. La definición que provee la Ley Núm. 69, *supra*, en su Art. 2, incluye a toda persona natural o jurídica que emplee obreros, trabajadores o empleados, y al jefe, funcionario, agente, oficial, gestor, administrador, superintendente, capataz, mayordomo o representante de dicha persona natural o jurídica. 29 L.P.R.A. sec. 1322. Al interpretar su aplicabilidad en Rivera Briceño v. Rodríguez, 129 D.P.R. 669 (1991), expresamos que su aplicación no está limitada a una empresa, agencia o instrumentalidad en particular.

En el caso de la Ley Núm. 115, *supra*, ni de su texto, ni de su historial legislativo surge que se haya pretendido crear alguna distinción entre empleados de instrumentalidades del gobierno de acuerdo a si funcionan como empresa o negocio privado. Al ser la Ley Núm. 115, *supra*, un estatuto de carácter reparador, que está basado en la política pública de alta estima a la protección de los derechos de los trabajadores, su interpretación judicial debe ser liberal y amplia de manera que se alcancen los objetivos que la originaron. De esta manera, es garantizada la mayor protección de los derechos

---

Montalvo- Padilla v. Univ. of Puerto Rico, 492 F. Supp. 2d 36 (2007). Esto por no operar como negocio privado.

laborales de los trabajadores. En este proceso interpretativo, toda duda en cuanto a su aplicación deberá resolverse a favor del empleado.

El propósito de esta legislación fue amplio, con el fin de establecer expresamente la protección a los empleados, tanto de instrumentalidades del gobierno como del sector privado. Esta legislación buscó promover la justicia social de la clase trabajadora y tiene como propósito su aplicación a todos los empleados, sin distinción de empresa, industria o negocio. La amplia definición fue realizada a los fines de que su cobertura se extendiera a todo empleado, sin distinción.

La aplicación que se pretendió abarcar con la Ley Núm. 115, *supra*, no alberga limitaciones en cuanto al ámbito de su extensión a una empresa, agencia o instrumentalidad en particular. Tampoco supedita su aplicación a una manera de operar la gestión a la que se dedica el patrono, sea una gestión privada o pública. Debido a su naturaleza, cualquier exclusión de un empleado a los beneficios de la legislación laboral debe ser clara y convincente. No existiendo indicio alguno de que la intención del legislador fuera crear algún tipo de distinción, no se justifica interpretar que la misma sólo aplica a la empresa privada y a aquellas agencias del gobierno que funcionan como negocios o empresas privadas.

Concluimos, por tanto, que la Ley Núm. 115, *supra*, aplica a todos los empleados del gobierno, tanto de

instrumentalidades que funcionan como negocio o empresas privadas como de aquellas que no.

IV

En el presente recurso el profesor Cordero Jiménez presentó una causa de acción bajo la Ley Núm. 115, *supra*, contra su patrono, la UPR. La UPR solicitó al Tribunal de Primera Instancia que desestimara la mencionada causa de acción y que ordenara su archivo con perjuicio. El foro primario declaró "no ha lugar" esta petición. Sin embargo, el Tribunal de Apelaciones revocó el dictamen emitido por el Tribunal de Primera Instancia y desestimó la reclamación presentada por el profesor Cordero Jiménez al amparo de la Ley Núm. 115, *supra*, luego de concluir que la mencionada legislación no aplicaba a la UPR.

A la luz del análisis realizado, la Ley Núm. 115, *supra*, aplica a la UPR. Como es sabido, la UPR es una corporación pública creada por ley, encargada de la educación superior de Puerto Rico. U.P.R. v. Asoc. Pur. Profs. Universitarios, 136 D.P.R. 335, 399 (1994); Sepúlveda v. U.P.R., 115 D.P.R. 526, 527 (1984). El que la UPR no funcione con ánimo de lucro no la exime de la amplia aplicación que ofrece la Ley Núm. 115, *supra*. Debido a que esta Ley de Represalias aplica a todo el sector gubernamental, no es necesario profundizar en el escrutinio de la gestión a la que se dedica ni cómo funciona la UPR como paso previo a determinar la aplicabilidad de la Ley Núm. 115, *supra*, a sus empleados. Por esta razón, la

reclamación presentada por el profesor Cordero Jiménez bajo la Ley Núm. 115, *supra*, no debía ser desestimada.

V

Por los fundamentos antes expuestos, revocamos el dictamen emitido por el Tribunal de Apelaciones. Devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme con lo antes expuesto.

Se dictará sentencia de conformidad.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos O. Cordero Jiménez

    Peticionario

      v.

                                CC-2012-302     Certiorari

Universidad de Puerto Rico

    Recurrida

SENTENCIA

San Juan, Puerto Rico, a 28 de febrero de 2013.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca el dictamen emitido por el Tribunal de Apelaciones. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme con lo antes expuesto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado por entender que la Ley Núm. 115 de 20 de diciembre de 1991, conocida como la Ley de Represalias, aplica a la Universidad de Puerto Rico. Sin embargo, entiende prematura las expresiones emitidas en el día de hoy ya que no está ante la consideración del Tribunal la aplicabilidad de la Ley a las agencias de gobierno del Estado Libre Asociado de Puerto Rico. La Jueza Asociada señora Pabón Charneco concurre con el resultado sin opinión escrita. El Juez Presidente señor Hernández Denton está inhibido. El Juez Asociado señor Martínez Torres no interviene.

                    Aida Ileana Oquendo Graulau
                  Secretaria del Tribunal Supremo